IRV M. GROSS (SBN 53659)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
E-mails:  img@lnbyb.com

Attorneys for Defendants Crystal Moore
And Bryan Bly

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBED M. APOSTOL, JR., <br><br> Plaintiff, <br><br> v. <br><br> CITIMORTGAGE, INC., a New York Corporation; CITI RESIDENTIAL LENDING, INC.,  a national banking association; CR TITLE SERV ICES, INC., a Delaware Corporation; CRYSTAL MOORE, an individual; BRYAN BLY, an individual; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 13-CV-01983-CRB <br><br> **DEFENDANTS CRYSTAL MOORE'S AND BRYAN BLY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [Fed.R.Civ.Pro.12(b) (6)] <br><br> [ Request for Judicial Notice Filed Concurrently] <br><br> Date:  September 13, 2013 <br> Time: 10:00 a.m. <br> Place: Courtroom 6 <br>       United States Courthouse <br>       450 Golden Gate Avenue <br>       San Francisco, California 94102 |

1

# TABLE OF CONTENTS

2   **MEMORANDUM OF POINTS AND AUTHORITIES** ......................................................3

3   **I.      STATEMENT OF FACTS**.......................................................................................3

4   **II.     ARGUMENT** ..........................................................................................................4

5

6          **A.     Applicable Legal Standard** ......................................................................4

7          **B.     The Complaint and Each Cause of Action Therein Should Be
                  Dismissed Because Apostol Lacks Standing to Prosecute the**

8                 **Complaint Against Moore and Bly** ........................................................5

9          **C.     The Second Cause of Action Should Be Dismissed Because It Is
                  Barred By the Statute of Limitations on Fraud, and For Failure to**

10                **Sufficiently Allege the Elements of Fraud**............................................7

11                **1.      Statute of Limitations**..................................................................7

12
                  **2.      The Requisite Elements of Fraud Have Not Been Pled With**

13                        **Sufficient Particularity** ...........................................................8

14         **D.     The First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth
                  and Eleventh Causes of Action, and Each of Them, Should Be**

15                **Dismissed Because (i) There Is No Actual Controversy Between
                  Apostol and Moore and Bly In Connection With These Particular**

16                **Causes of Action and No Effective Relief Can Be Fashioned Against
                  Them (ii) No Facts Are Alleged Regarding the Conduct of Moore and**

17                **Bly That Would Support Liability Against  Either of Them On Any**

18                **of These Causes of Action** ...................................................................10

19         **E.     The Motion Should Be Granted Without Leave to Amend**.........................13

20  **III.    CONCLUSION** ....................................................................................................14

21

22

23

24

25

26

27

28

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**FEDERAL CASES**

4

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
   300 U.S. 227, 57 S.Ct. 461 (1937) .....................................................................10

5

*Ashcroft v. Iqbal*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .........................................4

6

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .........................................4

7

8

*Benoist v. U.S. Bank National Association*
   2012 WL 32021280*5 (D.Hawai'i 2012) ...............................................................6

9

10

*Carter v. Brooms (In re Brooms)*
   447 B.R. 258 (9th Cir. BAP 2011) .........................................................................5

11

*Conley v. Gibson*
   355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ......................................................4

12

13

*Edwards v. Federal Home Loan Mortgage Corp.*
   2012 WL 5503532*4 (N.D.Cal. 2012) ...................................................................6

14

15

*Gordon v. City of Oakland*
   627 F.3d 1092 (9th Cir. 2010) .............................................................................13

16

*Hartman v. Gilead Sciences, Inc.*
   536 F.3d 1049 (9th Cir. 2008) ...............................................................................4

17

18

*Lisa Bridge v. Aames Capital Corporation*
   2010 WL 3834059 (N.D.Ohio 2010) .....................................................................6

19

20

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*
   717 F.Supp.2d 735-736 (E.D.Mich. 2010), *cert. den.* 131 S.Ct. 1696, 179 L.Ed.2d 645
   (2011) ...................................................................................................................6

21

22

*Mangindin v. Washington Mutual Bank*
   637 F.Supp.2d 700 (N.D.Cal.. 2009) ...................................................................12

23

24

*Milyakov v. JP Morgan Chase, N.A.*
   2012 WL 879245*4 (N.D.Cal. 2012) ......................................................................7

25

26

*Nguyen v. Wells Fargo Bank, N.A.*
   749 F.Supp.2d 1022 (N.D.Cal. 2010) ....................................................................8

27

*Pantoja v. Countrywide Home Loans, Inc.*
   640 F.Supp2d 1177 (N.D.Cal. 2009) ...................................................................11

28

*Tait v. BSH Home Appliances Corp.*
  2011 WL 1832941*5 (C.D.Cal. 2011) ...................................................12

*Transfresh Corp. v. Ganzerla & Assoc., Inc.*
  862 F.Supp.2d 1009 (N.D.Cal. 2012) ......................................................5

*Vess v. Ciba-Geigy, Inc.*
  317 F.3d ..................................................................................................8

*Vicuna v. Alexia Foods, Inc.*
  2012 WL 1497507*3 (N.D.Cal. 2012) ....................................................12

*Warth v. Seldin*
  422 U.S. 490, 95 S.Ct. 2197, 95 L.Ed.2d 343 (1975) ............................5

*Yahoo! Inc. v. La Ligue etc.*
  379 F.3d 1120 (9th Cir. 2004) ...............................................................10

**CALIFORNIA CASES**

*Bleavins v. Demarest*
  196 Cal.App.4th 1533 (2011) ...................................................................6

*Conroy v. The Regents of the University of California*
  45 Cal.4th 1244 (2009) ............................................................................8

*Durell v. Sharp Healthcare*
  183 Cal.4th 1350 (2010) .........................................................................11

*Fontenot v. Wells Fargo Bank*
  198 Cal.App.4th 256 (2011) ..................................................................6, 7

*Gomes v. Countrywide Home Loans, Inc.*
  192 Cal.App.4th 1149 (2011) .................................................................11

*Hatchwell v. Blue Shield of California*
  198 Cal.App.3d 1027 (1988) .....................................................................6

*Hochstein v. Romero*
  219 Cal.App.3d 447 (1990) .......................................................................7

*In re Tobacco II*
  46 Cal.4th 298, 326 (2009).....................................................................11

*Khoury v. Maly's of California, Inc.*
  14 Cal.App.4th 612 (1993).....................................................................11

*McClain v. Octagon Plaza*
  LLC, 159 Cal.App.4th 784 (2008) ...........................................................8

iii

*Pacific States Savings and Loan Co. v. Strobeck*
    139 Cal.App. 427 (1934)...................................................................7

*Wallace v. Moody*
    26 Cal. 387 (1864)...........................................................................7

**CALIFORNIA STATUTES**

California Code of Civil Procedure § 338(d) ........................................1, 7, 8

California Code of Civil Procedure § 2934(a)(1)(A) ....................................11

**OTHER STATUTES**

Business and Professions Code § 17200 ......................................................11

**FEDERAL RULES**

Fed.R.Civ.P. 5 ................................................................................................1

Fed.R.Civ.P. 8 ...........................................................................................4, 5

Fed.R.Civ.P. 9 ...........................................................................................5, 8

Fed.R.Civ.P. 12(b)(6) ....................................................................1, 4, 5, 11

Fed.R.Civ.P. 15(a) .......................................................................................13

Federal Rule of Evidence 201 .......................................................................5

U.S. Constitution, Article III,§ 2, cl.1 ........................................................10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  **TO THE HONORABLE CHARLES R. BREYER, UNITED STATES DISTRICT**

2  **JUDGE, AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

3  PLEASE TAKE NOTICE that on September 13, 2013, at 10:00 a.m., or as soon

4  thereafter as the matter may heard, in Courtroom 6 of the U.S. Courthouse located at 450

5  Golden Gate Ave., San Francisco, California, Defendants Crystal Moore ("Moore") and Bryan

6  Bly ("Bly"), for themselves alone, will and hereby do move for an order granting the within

7  motion ("Motion") and dismissing the complaint and each cause of action set forth therein

8  ("Complaint") filed by Plaintiff Obed M. Apostol, Jr. ("Apostol").  The Motion is brought

9  pursuant to Rules 12(b) (6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") on the

10  ground that the Complaint and each cause of action set forth therein fails to state a claim upon

11  which relief can be granted as to Moore and Bly.  Specifically:

12  (i)  Apostol lacks standing to prosecute the Complaint against Moore and Bly because he

13  is not, and has never been, a party to the "Corporate Assignment of Deed of Trust" (the

14  "Assignment") which is the only basis upon which liability is alleged against either Moore or

15  Bly;

16  (ii)  Moore's execution of the Assignment was authorized at all times pursuant to a

17  written authorization from the lender and assignor under the Assignment, Citi Residential

18  Lending Inc. (as attorney-in-fact for Argent Mortgage Company, LLC) ("Citi), and it must

19  follow that if Moore's conduct in executing the Assignment was authorized, Bly's only alleged

20  act, attesting that he knew Moore to be acting in her authorized capacity, was not wrongful;

21  (iii)  the Second Cause of Action for fraud is barred by the three year statute of

22  limitations set forth in California Code of Civil Procedure §338(d) ("§338(d)"), and also fails to

23  alleged the requisite elements of fraud with sufficient particularity;

24  (iv) despite the improper lumping of Moore and Bly with all of the other defendants as

25  "Defendants", the allegations of the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth,

26  Tenth and Eleventh Causes of Action, and each of them, are directed to other defendants and

27  fail to allege any facts from which the Court could infer any wrongdoing by Moore or Bly;

28  (v) no real case or controversy exists between Apostol, on the one hand, and Moore and

1  Bly on the other hand, because neither Moore nor Bly has ever asserted an interest in the subject

2  property adverse to Apostol, and no effective remedy could be fashioned against either one of

3  them.

4        Because these infirmities cannot be cured by amendment, Moore and Bly request that

5  the Complaint be dismissed without leave to amend.

6        The Motion is based on this Notice of Motion and Motion, the following memorandum

7  of points and authorities, the Request for Judicial Notice[1] filed concurrently, the papers and

8  pleadings filed in this case, and upon such other oral and documentary evidence as may be

9  presented and received at the time of the hearing.

10

11  Dated: July 29, 2013           LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

12

13                  By:       */s/ Irv M. Gross*

                        Irv M. Gross

14                          Attorneys for Defendants Crystal Moore and

                        Bryan Bly

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] All references to the Request for Judicial Notice will appear as "RJN__ ."

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**[2]

2

### **I**.

3

### **STATEMENT OF FACTS**

4      On or about October 31, 2006, Apostol entered into a residential mortgage loan

5   transaction with Argent Mortgage Company, LLC for the purchase of the residential property

6   located at 1330 Cedar Court, Gilroy, California (the "Property"). (Complaint, ¶13; Exhibit "A")

7   On January 13, 2009, Moore executed the Assignment, which was notarized that day by Bly and

8   thereafter recorded in the office of the Santa Clara County Recorder on March 2, 2009.

9   Pursuant to the Assignment, the note and deed of trust concerning the Property were assigned by

10  Citi (as the attorney-in-fact for Argent Mortgage Company, LLC) to Mortgage Electronic

11  Registration Systems as nominee for Citimortgage Inc. ("Citimortgage"). (Complaint, ¶¶5,6;

12  Exhibit "B").  At the time Moore executed the Assignment and Bly notarized it, they were both

13  employees of Nationwide Title Clearing, Inc. ("Nationwide"). (Id.)  *Moore's execution and*

14  *Bly's notarization of the Assignment are the only actions ever undertaken by either of them* in

15  connection with the Property according to the Complaint.[3]

16      On March 17, 2011, *more than two years after Moore executed and Bly notarized the*

17  *Assignment*, defendant CR Title Services, Inc. ("CRTS") recorded a notice of default

18  commencing the process of foreclosing upon the Property. (Complaint, ¶48).  During those two

19  years (as well as the two years prior to execution of the Assignment), a number of actions and

20  transactions (including subsequent assignments) between and among multiple entities occurred

21  in connection with the Property. (Complaint, ¶¶14-56). On May 15, 2012, CRTS, as the

22  foreclosure trustee, sold the property to Turn Key Asset, Inc. (Complaint, ¶56).  Neither Moore

23  nor Bly, however, had any interest in or involvement with any of those entities, actions or

24

25

---

26  [2] Unless otherwise stated, all defined terms below have the same meaning as in the preceding
27  Notice of Motion.
    [3] The Complaint is 47 pages, and contains 146 numbered paragraphs.  Moore and Bly are
28  mentioned only once, in paragraphs 5 and 6, respectively, and the only conduct attributed to
    them is their respective execution and notarization of the Assignment.

1  transactions relating to the foreclosure on the Property, nor does the Complaint allege a single

2  *fact* evidencing any such relationship.

3                                                    **II**.

4                                              <u>**ARGUMENT**</u>

5  **A.**      <u>**Applicable Legal Standard**</u>

6            Under Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim

7  for relief must contain . . . a short and plain statement of the claim showing that the pleader is

8  entitled to relief."  For fifty years, courts followed the Supreme Court's *uber* liberal construction

9  of Rule 8 to mean that "a complaint should not be dismissed for failure to state a claim unless it

10 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

11 would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80

12 (1957).   In 2007, however, the Supreme Court revisited *Conley,* and concluded that fairness and

13 practicality required a more stringent standard so that not every lawsuit, however speculative,

14 could survive and strain the resources of the parties and the courts with unnecessary litigation.

15 The Supreme Court abrogated *Conley* and held that "[t]o survive a motion to dismiss, a

16 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

17 *plausible on its face*." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

18 L.Ed.2d 929 (2007). (emphasis added).

19            In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the

20 Supreme Court expanded upon *Twombly* and explained that  "[a] claim has facial plausibility

21 when the plaintiff pleads factual content that allows the court to draw the reasonable inference

22 that the defendant is liable for the misconduct alleged."  However, "[t]hreadbare recitals of the

23 elements of a cause of action, supported by mere conclusory statements", will not satisfy the

24 facial plausibility test.  *Id*. at 663.  Thus, while it remains the standard that in determining a Rule

25 12(b)(6) motion to dismiss the court is required to accept as true all material facts alleged in the

26 complaint as well as all reasonable inferences to be drawn from such facts, it is not required to

27 accept as true allegations that are merely conclusory, or require unwarranted deductions or

28 unreasonable inferences. *Hartman v. Gilead Sciences, Inc*., 536 F.3d 1049, 1055 (9th Cir. 2008).

Despite the liberality of Rule 8, claims of fraud must satisfy the requirements for greater particularity set forth in Federal Rule of Civil Procedure 9(b) ("Rule 9").  Although the Federal Rules of Civil Procedure do not explicitly provide that a complaint may be dismissed for failing to satisfy Rule 9(b), it is well established that such dismissal is appropriate where the complaint falls short of the requisite specificity. *Transfresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F.Supp.2d 1009, 1017 (N.D.Cal. 2012), citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,1107 (9th Cir. 2003).

In reviewing a motion to dismiss under Rule 12(b)(6), a court may also take judicial notice of matters in its own records, the records of other courts, and matters that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal Rule of Evidence 201.

**B.**     **The Complaint and Each Cause of Action Therein Should Be Dismissed Because Apostol Lacks Standing to Prosecute the Complaint Against Moore and Bly**

Whether a plaintiff has standing is always the threshold issue in determining whether the litigant is entitled to have the court decide the merits of the dispute or of a particular issue. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 95 L.Ed.2d 343 (1975).  In the present case, the *only* purportedly actionable conduct alleged on the part of Moore is that she executed the Assignment on behalf of Citi without authority since she was actually employed by Nationwide at the time, and whether such conduct rendered the Assignment invalid. The claim is even more tenuous against Bly, who did nothing more than notarize the Assignment, attesting to the fact that the Assignment was executed by Moore who was "well known to me" as the representative of Citi.  If Moore was in fact authorized to execute the Assignment on behalf of Citi, it must follow that Bly's notarization was accurate and not improper.

Federal courts look to state substantive law to determine the validity of an assignment. *Carter v. Brooms (In re Brooms)*, 447 B.R. 258, 265 (9th Cir. BAP 2011).  In deciding whether Apostol had standing to sue Moore and Bly based on the allegedly invalid Assignment, the Court must look to California law.  It has long been settled law in California that someone who is not a party to an assignment has no standing to enforce it, or to challenge its validity. *See*

5

1  *Bleavins v. Demarest*, 196 Cal.App.4[th] 1533, 1542 (2011); *Hatchwell v. Blue Shield of*

2  *Ca*lifornia, 198 Cal.App.3d 1027, 1034 (1988).  This principle has been followed in

3  jurisdictions across the country as the basis for rejecting the borrower's attack on the validity of

4  the assignment in order to enjoin a foreclosure or to obtain relief for a purportedly wrongful

5  foreclosure.  *See e.g. Livonia Property Holdings, LLC v. 12840-12976 Farmington Road*

6  *Holdings, LLC,* 717 F.Supp.2d 735-736 (E.D.Mich. 2010), *cert. den*. 131 S.Ct. 1696, 179

7  L.Ed.2d 645 (2011) ("Borrower certainly has an interest in avoiding foreclosure.  But the

8  validity of the assignment does not effect [sic] **whether** Borrower owed its obligations, but only

9  to **whom** Borrower is obligated."(emphasis in original)); *Benoist v. U.S. Bank National*

10  *Association*, 2012 WL 32021280*5 (D.Hawai'i 2012) (borrower cannot challenge an

11  assignment that he was not a party to, and may not assert claims based on the lack of authority

12  to make the assignment); *Lisa  Bridge v. Aames Capital Corporation*, 2010 WL 3834059

13  (N.D.Ohio 2010) ("[c]ourts have routinely found that a debtor may not challenge an assignment

14  between assignor and assignee.").

15        California courts have also addressed the issue and come to the same conclusion,

16  although framed in the context of damages rather than standing:

17              We also note a plaintiff in a suit for wrongful foreclosure has
              generally been required to demonstrate the alleged imperfection in
18            the foreclosure process was prejudicial to the plaintiff's interests.
              [Citations omitted.] . . . ***Because a promissory note is a***
19            ***negotiable instrument, a borrower must anticipate it can and***
              ***might be transferred to another creditor.  As to plaintiff, an***
20            ***assignment merely substituted one creditor for another, without***
              ***changing her obligations under the note.***  Plaintiff effectively
21            concedes she was in default, and she does not allege that the
              transfer to HSBC interfered in any manner with her payment of
22            the note [citation omitted], nor that the original lender would have
              refrained from foreclosure under the circumstances presented.  If
23            MERS indeed lacked authority to make the assignment, the true
              victim was not plaintiff but the original lender, which would have
24            suffered the unauthorized loss of a $1 million promissory note.
25

26

27  *Fontenot v. Wells Fargo Bank,* 198 Cal.App.4[th] 256, 272 (2011) (emphasis added).  *In accord*

28  *Edwards v. Federal Home Loan Mortgage Corp.*, 2012 WL 5503532*4 (N.D.Cal. 2012);

1   *Milyakov v. JP Morgan Chase, N.A.*, 2012 WL 879245*4 (N.D.Cal. 2012).  The reasoning of

2   *Fontenot* is equally persuasive here.  The Assignment did nothing more than substitute one

3   creditor (Citimortgage) for another (Citi), without in any way changing Apostol's obligations

4   under his loan.  Nor can Apostol seriously contend that he detrimentally relied upon and

5   changed his position or otherwise suffered damages in actual reliance upon the Assignment.  In

6   short, Apostol is no better situated to plead a claim against Moore and Bly based on the

7   invalidity of the Assignment than was the plaintiff in *Fontenot* against MERS.

8        For the foregoing reasons, Moore and Bly respectfully submit that Apostol does not have

9   standing to prosecute this action against them, or either of them, based on the allegedly invalid

10  Assignment.  The Complaint, therefore, should be dismissed as to both Moore and Bly.

11  Furthermore, the dismissal should be without leave to amend because the lack of standing

12  cannot be remedied through any amendment.

13  **C.**   **The Second Cause of Action Should Be Dismissed Because It Is Barred By the**

14       **Statute of Limitations on Fraud, and For Failure to Sufficiently Allege the**

15       **Elements of Fraud**

16       1.   Statute of Limitations

17       Execution and notarization of the Assignment are the only acts alleged in the Complaint

18  attributable to Moore and Bly, respectively.   The Assignment reflects that it was executed by

19  Moore and notarized by Bly on January 13, 2009.  The Complaint was not filed until April 30,

20  2013.  The Complaint, therefore, is barred by the three year statute of limitations set forth in

21  §338(d) that applies to actions for fraud or mistake.  Furthermore, although §338(d) contains a

22  "late discovery" exception, Apostol should not be permitted to avail himself of it.  Rather, 150

23  years of jurisprudence in California has established that the recording of a document gives all

24  the world notice of its contents. *See Wallace v. Moody*, 26 Cal. 387, 392 (1864) (a recorded

25  document "shall impart notice to all the world of its contents); *Pacific States Savings and Loan*

26  *Co. v. Strobeck*, 139 Cal.App. 427, 435 (1934); *Hochstein v. Romero*, 219 Cal.App.3d 447, 452-

27  453 (1990).  Here, the Assignment was recorded on March 2, 2009, while the Complaint was

28  not filed until April 30, 2013.  The constructive notice imparted by the recording of the

1   Assignment should be considered as having started the running of the three year limitations

2   period in §338(d).

3          2.      The Requisite Elements of Fraud Have Not Been Pled With Sufficient

4                  Particularity

5          To establish a claim for actual fraud, plaintiff must plead and prove facts showing that:

6   (1) Defendant made a misrepresentation *to plaintiff*; (2) Defendant had knowledge of the falsity

7   at the time the alleged misrepresentation was made; (3) Defendant intended to defraud, i.e. *to*

8   *induce Plaintiff* to rely on the misrepresentation; (4) *Plaintiff's reliance* on the

9   misrepresentation was justified, and (5) plaintiff suffered *actual damages as a result* **of** the

10  justifiable reliance on the misrepresentation.  *McClain v. Octagon Plaza*, LLC, 159 Cal.App.4[th]

11  784, 792 (2008).  Reliance occurs when the misrepresentation is " 'an immediate cause of [a

12  plaintiff's] conduct, which alters his legal relations,' and when, absent such representation, 'he

13  would not, in all reasonable probability, have entered into the contract or other transaction.'"

14  *Conroy v. The Regents of the University of California*, 45 Cal.4[th] 1244, 1256 (2009), *quoting*

15  *Engalia v. Permanente Medical Group, Inc*., 15 Cal.4[th] 951, 976-77 (1997).

16          In federal practice, the foregoing elements must not only be pleaded to state a claim for

17  actual fraud, but Rule 9(b) imposes a heightened standard of pleading that requires a party to

18  state with particularity the circumstances constituting the fraud; that is, the "who, what, when,

19  where and how" of the misconduct charged.  *Vess v. Ciba-Geigy, Inc. USA* , 317 F.3d at 1106.

20  *See also Nguyen v. Wells Fargo Bank, N.A*., 749 F.Supp.2d 1022 ,1036 (N.D.Cal. 2010)

21  (borrower's fraud claims regarding *inter alia* improprieties in the beneficiary and trustee

22  assignments dismissed for lack of specificity) In the present case, Apostol has not and cannot

23  allege that Moore or Bly actually made any representations to him, let alone representations

24  either of them knew to be false, or that any representations by Moore or Bly were made with the

25  intention of inducing Apostol to rely upon them.  Apostol has not and cannot allege *facts* - as

26  opposed to self-serving conclusions - demonstrating that he *actually and justifiably relied* upon

27  the Assignment to his detriment, or that he suffered any actual damages as a result of his actual

28  reliance upon any representations made to him by either Moore or Bly.

8

1          Most importantly, Apostol cannot successfully allege and demonstrate that the

2    Assignment was false; that is, that Moore did not have authority to execute the Assignment on

3    behalf of Citi.  Thus, while Apostol correctly alleges that Moore and Bly were employees of

4    Nationwide at the time they executed and notarized the Assignment on behalf of Citi *supra*, **at**

5    **the time she executed the Assignment, Moore was one of a number of Nationwide employees**

6    **specifically identified in a written authorization (the "Authorization") from Citi to**

7              execute any and all reasonable and necessary documents required
     in connection with processing Assignments and Releases, [and to

8              do so] as a Vice President and Assistant Secretary of the
     Corporation . . .

9         The Authorization was in full force and effect at the time Moore executed the

10   Assignment.[4]  Accordingly, the core premise of Apostol's entire claim against Moore and Bly,

11   that Moore fraudulently represented that she had the authority to execute the Assignment on

12   behalf of Citi when, in fact, she was an employee of Nationwide at the time, completely

13   unravels.  The Second Cause of Action for fraud, therefore, should be dismissed.

14

15

16   [4] RJN 1.  "Lack of authorization" has been the basis for alleging fraud against Nationwide and
     its employees, including Moore, and Bly, in a number of recent lawsuits.  In each instance but

17   one (where the authorization was provided in connection with a motion for summary judgment),
     the written authorization from the lender was provided to the court at the demurrer stage, and the

18   demurrer was sustained without leave to amend or the plaintiff voluntarily dismissed the
     action with prejudice. For example,  in  *Ilyan v. Wells Fargo Bank et al.*, San Joaquin County

19   Superior Court Case No. 39-2011-00268103-CU-OR-STK, Nationwide's demurrer was
     sustained without leave to amend and judgment was entered in its favor after the authorization

20   from  Washington Mutual Bank was provided to the court in connection with the demurrer.
     (RJN 2) In *Washington  v. Central Mortgage et al.*, Monterey County Superior Case No.

21   M113582, the authorization from Downey Savings and Loan was provided in connection with
     the demurrer.  The demurrer was sustained with leave to amend.  Plaintiff was unable to amend

22   and voluntarily dismissed the action with prejudice as to Nationwide only. (RJN 3) In *Shoffeit v.*
     *Green Tree Servicing LLC*, *et al.*,  San Bernardino County Superior Court Case No. CIV

23   VSI1202583, another one of Nationwide's employees, Vilma Castro, was sued on the ground
     she was not authorized to execute the assignment of the deed of trust.  A copy of the

24   authorization from the lender, Greentree Servicing LLC, was provided in connection with the

25   demurrer, and the demurrer was sustained without leave to amend and judgment entered in favor

26   of Ms. Castro. (RJN 4) In *Panitz v. Central Mortgage Co., et al.*, Los Angeles County Superior
     Court Case No. YC 060960, Moore provided a declaration explaining what she does, with a

27   copy of the authorization from the lender, Downey Savings. Before the hearing on Nationwide's
     motion for summary judgment, the plaintiff voluntarily dismissed Nationwide (and only

28   Nationwide) with prejudice. (RJN 5)

**D.** **The First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action, and Each of Them, Should Be Dismissed Because (i) There Is No Actual Controversy Between Apostol and Moore and Bly In Connection With These Particular Causes of Action and No Effective Relief Can Be Fashioned Against Them (ii) No Facts Are Alleged Regarding the Conduct of Moore and Bly That Would Support Liability Against Either of Them On Any of These Causes of Action**

Courts may adjudicate only actual cases or controversies.  U.S. Constitution, art. III,§ 2, cl.1. In determining whether a controversy actually exists and is not illusory, courts consider whether "[t]he controversy [is] definite and concrete, touching the legal relations of *parties having adverse legal interests*. [Citations omitted.]. It must be a real and substantial controversy, admitting of *specific relief* through a decree of a conclusive character . . ." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461 (1937). (Emphasis added); *Yahoo! Inc. v. La Ligue etc*., 379 F.3d 1120, 1127 (9th Cir. 2004). In this instance, the First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action all are directly related to the alleged wrongful foreclosure of the Property and seek to set it aside as wrongful, and  to void or cancel the various documents related to the foreclosure and sale of the Property. Yet there is not a single allegation in the entire Complaint that Moore and Bly actually had any involvement whatsoever in the foreclosure of the Property that took place more than two years after they executed and notarized, respectively, the Assignment, which are the only actions attributable to them. The legal interests of Apostol, on the one hand, and Moore and Bly, on the other hand, are not legally adverse; indeed, Moore and Bly have no interest in the Property nor have they ever asserted one.  Thus, however the Court rules on whether the foreclosure was proper or wrongful, it will not affect Moore and Bly.  *See,* 10B Wright, *Federal Rules of Civil Procedure*, §2757 (3d. ed.) (no controversy if the opposing party disclaims the assertion of countervailing rights).  Nor is there specific and effective relief the Court can fashion *against Moore and Bly* in connection with a claim for wrongful foreclosure**.**  In short, there is no "real and substantial controversy" between Apostol, Moore and Bly.

For the same reasons, the Complaint does not and cannot allege facts stating a claim for relief against Moore and Bly that could survive a Rule 12(b)(6) motion.  A cursory review of the allegations in these causes of actions illustrates that these claims are not in fact, nor could they be, actually alleged against Moore and Bly.  For example:

- The First Cause of Action for wrongful foreclosure, although reference is made to the alleged fraudulent Assignment, largely focuses on the irregularities in initiating and carrying out the foreclosure, with which Moore and Bly had no involvement. (First Cause of Action, ¶¶ 82-86);

- The Complaint repeatedly refers to the actual wrongdoers as "the Foreclosure Defendants", a term that clearly does not include Moore and Bly.  This is particularly instructive in the Tenth Cause of Action for violation of Business and Professions Code §17200 ("¶17200") wherein virtually all of the "bad acts" are specifically attributed to "the Foreclosing Defendants". (Third, Fourth and Tenth Causes of Action);[5]

- The documents sought to be cancelled are primarily associated with the foreclosure sale. (Fourth and Sixth Causes of Action);

- The Seventh Cause of Action alleges violations of California Civil Code §2934(a)(1)(A) in connection with the duties of a trustee, and have no application to Moore and Bly;[6]

- The documents sought to be cancelled are primarily associated with the foreclosure sale (Fourth and Sixth Causes of Action);

---

[5] To state a claim under §17200, the plaintiff must state with particularity the facts supporting the statutory elements of the violation.  A complaint that fails to allege the violation with sufficient particularity is subject to dismissal.  *Khoury v. Maly's of California, Inc.,* 14 Cal.App.4th 612, 619 (1993).  Plaintiff must demonstrate actual reliance, not merely some factual nexus between the alleged wrongful conduct and the injury, *Durell v. Sharp Healthcare,* 183 Cal.4th 1350, 1359 (2010), and the reliance must have been "an immediate cause" of the plaintiff's injury.  *In re Tobacco II* Cases, 46 Cal.4th 298, 326 (2009).  The Complaint, certainly as to Moore and Bly, does not remotely satisfy these requirements.

[6] The Civil Code provides "a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal.App.4th 1149, 1154 (2011).  There is no provision in this statutory scheme that would appy to Moore or Bly. *See, Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1187 (N.D.Cal. 2009) (dismissal of wrongful foreclosure action warranted where none of the foreclosure statutes are applicable to the case).

- The Ninth Cause of Action is directed to conduct in connection with the foreclosure process that allegedly violated the Federal Truth-In-Lending-Act, events from which Moore and Bly were long removed.

The Complaint is a perfect example of why good pleading practice requires the plaintiff to specifically identify each defendant whose conduct is the subject of a particular claim for relief, as well as the bad acts allegedly committed by each such defendant.  In this case, every cause of action is alleged against "All Defendants" despite the fact that by virtue of time, circumstance and the nature of the claim it is absurd to suggest that Moore and Bly had any role in the events surrounding the foreclosure of the Property more than two years after they executed and notarized the Assignment.  That conclusion does not change simply because Apostol decides (perhaps intentionally in order to avoid this precise pleading problem) to indiscriminately lump Moore and Bly in with all of the other defendants and into every cause of action in the Complaint.

In addition to the foregoing reasons, the First Cause of Action for declaratory relief and the Eighth Cause of Action for unjust enrichment are separately subject to dismissal.  The First Cause of Action is improper and unnecessary because even when a true case or controversy otherwise exists, the claim for declaratory relief should be dismissed if an adequate remedy exists under some other claim.  *See Mangindin v. Washington Mutual Bank*, 637 F.Supp.2d 700, 707-08 (N.D.Cal.. 2009). Here, the judicial declaration sought by Apostol provides nothing more than the result he will obtain if he prevails on the other causes of action directed to the allegedly wrongful foreclosure.

The Eighth Cause of Action for unjust enrichment is improper, or at the very least superfluous.  Although there has long been a split within California courts regarding whether unjust enrichment is an independent cause of action, "[g]enerally, federal courts in California have ruled that unjust enrichment is not an independent cause of action because it is duplicative of relief already available under various legal doctrines." *Vicuna v. Alexia Foods, Inc*., 2012 WL 1497507*3 (N.D.Cal. 2012); *Tait v. BSH Home Appliances Corp*., 2011 WL 1832941*5 (C.D.Cal. 2011) ("the more recent and well-reasoned cases hold that 'unjust enrichment does

1   not describe a theory of recovery, but an effect: the result of a failure to make restitution under

2   circumstances where it is equitable to do so.' [Citations omitted.]."  The unjust enrichment

3   claim in the Complaint is predicated upon facts that essentially underpin every other cause of

4   action, and if Apostol prevails on those other claims his recovery is likely to include the same

5   relief sought in the unjust enrichment claim.

6   **E.      The Motion Should Be Granted Without Leave to Amend**

7            Although leave to amend shall be given freely when justice so requires, Federal Rule of

8   Civil Procedure 15(a), leave may be denied if amendment of the complaint would be futile.

9   *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).  Giving Apostol leave to

10  amend the Complaint as to Moore and Bly would be futile because there are deficiencies in the

11  pleading that are incurable.  As explained above, standing is a threshold consideration in any

12  analysis of whether a party should be permitted to prosecute litigation before the federal court.

13  *As a matter of law*, Apostol has no standing to pursue claims against Moore and Bly based on

14  the allegedly invalid Assignment – the only alleged wrongdoing attributed to them - and there

15  are no facts that could cure this legal infirmity.  Likewise, Apostol cannot "undo" the

16  Authorization from Citi.  The Authorization is plain on its face, and confirms that Moore was

17  authorized to execute the Assignment on Citi's behalf.  With such authorization established,

18  there also is no claim against Bly for notarizing the Assignment.  At this point, therefore, none

19  of the alleged wrongdoing left in the Complaint is attributable to either Moore or Bly, and

20  Apostol should not be given the opportunity to manufacture liability against them in an

21  amended complaint.

22           For all of the reasons explained above, Moore and Bly respectfully submit that the

23  deficiencies in the Complaint, at least as to them, cannot be cured.  In that event, Moore and Bly

24  should not have to incur the time and expense of demonstrating these enduring deficiencies in

25  connection with yet another complaint.  The Motion, therefore, should be denied without leave

26  to amend.

27  ///

28  ///

13

**III.**

**<u>CONCLUSION</u>**

More than four years ago, Moore executed the Assignment, and it was notarized at the time by Bly.  Moore executed the Assignment pursuant to ***express written authority*** from the lender, Citi, that specifically identified her as one of several Nationwide employees authorized to sign transfer documents on its behalf.  Since then, neither Moore nor Bly have had any involvement whatsoever with Apostol, the Property or any of the transactions or events that are the subject of the Complaint.  Yet here they are, both residents of Florida, being dragged through a dispute between Apostol and others (with whom they have no affiliation) in the United States District Court  in Northern California in which damages are being sought against them.  Something is terribly wrong with this picture!

Both reason and case law demand that Moore and Bly be extricated from this litigation.  Accordingly, Moore and Bly respectfully request the Court to grant the Motion in its entirety and without leave to amend.

Dated: July 29, 2013                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


                                        By:    _____/s/ Irv M. Gross_____
                                               Irv M. Gross
                                               Attorneys for Defendants
                                               Crystal Moore and Bryan Bly

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEFENDANTS CRYSTAL MOORE'S AND BRYAN BLY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 29, 2013,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Mark Whitney Lapham
marklapham@sbcglobal.net,lesliepatrice@gmail.com

John Nadolenco
jnadolenco@mayerbrown.com,jaustgen@mayerbrown.com

Steven Edward Rich
srich@mayerbrown.com,courtnotification@mayerbrown.com,LOS-Docket@mayerbrown.com,rortiz@mayerbrown.com,egriffin@mayerbrown.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 29, 2013,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT DELIVERY**
Judge Charles R. Breyer
Attn: Courtroom Deputy
San Francisco Courthouse, Courtroom 6 - 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 29, 2013 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

*June 2012*

**F 9013-3.1.PROOF.SERVICE**