**Stewart Title**

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
**CR TITLE SERVICES INC.**
**1000 TECHNOLOGY DRIVE MS 314**
**O'FALLON, MO 63368**
368837

DOCUMENT:   21113838

Pages:    3

Fees.                24 00
Taxes .
Copies .
AMT PAID            24 00

REGINA ALCOMENDRAS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Recording Service

RDE #   010
3/17/2011
8:59 AM

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**TS No.: T11-75146-CA/ APN: 808-03-035**
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE
**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$50,151.95** as of **03-14-2011**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

CitiMortgage, Inc.
**C/O CitiMortgage Inc.**
**ATTN: FORECLOSURE DEPARTMENT**

TS No.: **T11-75146-CA**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**1000 TECHNOLOGY DRIVE MS 314**
**O'FALLON, MO 63368**
**Phone: 877-576-0472**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **CR Title Services, Inc.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10-31-2006**, executed by **OBED M. APOSTOL, JR., A SINGLE MAN**, as Trustor, to secure certain obligations in favor of **ARGENT MOTGAGE COMPANY, LLC**, as beneficiary, recorded **11-06-2006**, as Instrument No. **19171994**, in Book , Page , , of Official Records in the Office of the Recorder of **SANTA CLARA** County, California describing land therein as: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including **1 NOTE(S) FOR THE ORIGINAL** sum of **$460,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**INSTALLMENT OF PRINCIPAL AND INTEREST PLUS IMPOUNDS AND / OR ADVANCES WHICH BECAME DUE ON 10/01/2009 PLUS LATE CHARGES, AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST, BALLOON PAYMENTS, PLUS IMPOUNDS AND/OR ADVANCES AND LATE CHARGES THAT BECOME PAYABLE.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Dated: 03-14-2011**                    CR Title Services, Inc.

                                         BY: _____
                                              MELISSA STULL,

Federal Law requires us to notify you that we are acting as a debt collector. If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.

*TII - 95146 - CA*

Declaration Re: Borrower Contact and Due Diligence Pursuant to CC §2923.5 and instructions to Trustee
Re: Notice of Default

Re:     **OBED M APOSTOL JR**
        **1330 CEDAR CT**
        **GILROY, CA 95020**
        **CitiMortgage**

The undersigned beneficiary or their authorized agent for the beneficiary hereby represents and declares
as follows:

1. x On 01/31/2011 the beneficiary or their authorized agent contacted the borrower(s) to assess their
financial situation and to explore options to avoid foreclosure. During this contact the borrower(s) was
advised he or she has the right to schedule a follow-up meeting to occur within 14 days. Further,
the borrower(s) was provided the toll-free telephone number to find a HUD-certified housing
counseling agency.

2. n/a n/a No contact was made with the borrower despite the due diligence of beneficiary or their
authorized agent's pursuant to California Civil Code §2923.5(g), including (a) Mailing a first-class letter
to the borrower(s) which included a toll free number to contact a HUD-certified housing counseling
agency; (b) Attempting to contact the borrower(s) by telephone at the primary telephone number on file at
least three times at different hours and on different days or determined that the primary and secondary
phone numbers on file were disconnected; and (c) Having received no response from the borrower(s) for
14 days after the telephone contact efforts were complete, an additional letter was sent to the borrower(s)
via certified mail, with return receipt requested.

3. n/a  The borrower has surrendered the secured property as evidenced by a letter confirming the
surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or
the trustee.

4. n/a  The Beneficiary or their authorized agent has evidence and reasonably believes that the borrower
has contracted with an organization, person, or entity whose primary business is advising people who
have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual
obligations to beneficiaries.

5. n/a  The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy
and the proceedings have not been finalized to wit, there is no order on the court's docket closing or
dismissing the bankruptcy case.

6. n/a  The provisions of California Civil Code §2923.5 do not apply because the loan is not a residential
mortgage loans originated between January 1, 2003 and December 31, 2007 secured by the borrower's
principal residence.

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly
authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re:
contact required pursuant to California Civil Code §2923.5.

Dated: 03/04/2011

By:     Pam January