1   IRV M. GROSS (SBN 53659)
    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
2   10250 Constellation Boulevard, Suite 1700
    Los Angeles, California  90067
3   Telephone: (310) 229-1234
    Facsimile: (310) 229-1244
4   E-mails:  img@lnbyb.com

5
    Attorneys for Defendants Crystal Moore
6   And Bryan Bly

7                    UNITED STATES DISTRICT COURT

8           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10                                      |  Case No. 13-CV-01983-WHO
    OBED M. APOSTOL, JR.,               |
11                                      |  **DEFENDANTS CRYSTAL MOORE'S**
12                          Plaintiff,  |  **AND BRYAN BLY'S NOTICE OF**
                                        |  **MOTION AND MOTION TO DISMISS**
    v.                                  |  **FIRST AMENDED VERIFIED**
13                                      |  **COMPLAINT PURSUANT TO**
    CITIMORTGAGE, INC., a New York      |  **FED.R.CIV.P. 12(b)(6);**
14  Corporation; CITI RESIDENTIAL       |  **MEMORANDUM OF POINTS AND**
    LENDING, INC.,  a national banking  |  **AUTHORITIES IN SUPPORT**
15  association; CR TITLE SERV ICES,    |  **THEREOF**
    INC., a Delaware Corporation;       |
16  CRYSTAL MOORE, an individual;       |  [ Request for Judicial Notice Filed
    BRYAN BLY, an individual;           |  Concurrently]
17  MORTGAGE ELECTRONIC                 |
    REGISTRATION SYSTEMS, a             |  Date:  November 20, 2013
18  Delaware Corporation; and DOES 1    |  Time: 2:00 p.m.
    through 100, inclusive,             |  Place: Courtroom  2
19                                      |         United States Courthouse
                          Defendants.   |         450 Golden Gate Avenue
20                                      |         San Francisco, California 94102
21                                      |
22                                      |
                                        |  Judge: Hon. William H. Orrick
23

24

25

26

27

28

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................3

I.       STATEMENT OF ISSSUES.............................................................................3

II.      STATEMENT OF FACTS ................................................................................3

III.     ARGUMENT .....................................................................................................5

         A.      Applicable Legal Standard ....................................................................5

         B.      The FAC and Each Cause of Action Therein Should Be Dismissed
                 Because Apostol Lacks Standing to Prosecute the FAC Against Moore
                 and Bly....................................................................................................6

         C.      The Second Cause Of Action For Constructive Fraud Should Be
                 Dismissed Because It Is Barred By the Statute Of Limitations, No
                 Fiduciary Or Confidential Relationship Has Ever Existed Between
                 Apostol And Moore And Bly, And The FAC Fails To Sufficiently Allege
                 The Elements of  Constructive Fraud ....................................................9

                 1.       Statute of Limitations...............................................................9

                 2.       The Requisite Elements of  Constructive Fraud Have Not
                          Been Pled With Sufficient Particularity...............................9

         D.      The First, Third, Fourth, Fifth, Sixth And Seventh Causes of Action,
                 and Each of Them, Should Be Dismissed Because (i) There Is No
                 Actual Controversy Between Apostol and Moore and Bly In
                 Connection With These Particular Causes of Action and No Effective
                 Relief Can Be Fashioned Against Them (ii) No Facts Are Alleged
                 Regarding the Conduct of Moore and Bly That Would Support
                 Liability Against Either of Them On Any of These Causes of Action .......12

         E.      The Motion Should Be Granted Without Leave to Amend .........................15

IV.      CONCLUSION ................................................................................................16

i

1

## **TABLE OF AUTHORITIES**

2
                                                  **Page(s)**

3

FEDERAL CASES

4

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*
   300 U.S. 227, 57 S.Ct. 461 (1937) .................................................................................12

5

6

*Ashcroft v. Iqbal*
   556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ...........................................5

7

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...........................................5

8

9

*Benoist v. U.S. Bank National Association*
   2012 WL 3021280*5 (D.Hawai'i 2012) ......................................................................7

10

11

*Carter v. Brooms (In re Brooms)*
   447 B.R. 258 (9th Cir. BAP 2011) ...............................................................................6

12

*Conley v. Gibson*
   355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .........................................................5

13

14

*Dick v. American Home Mortgage Servicing, Inc.*
   2013 WL 5299180*2-3 (E.D.Cal.2013) ......................................................................8

15

16

*Edwards v. Federal Home Loan Mortgage Corp.*
   2012 WL 5503532*4 (N.D.Cal. 2012) ........................................................................7

17

*Flores v. GMAC Mortgage, LLC*
   2013 WL 2049388 (N.D.Cal. 2013) ............................................................................8

18

19

*Fortaleza v. PNC Financial Services Group. Inc.*
   642 F.Supp2d 1012 .....................................................................................................14

20

21

*Gordon v. City of Oakland*
   627 F.3d 1092 (9th Cir. 2010)....................................................................................15

22

*Harmon v. Kobrin (In re Harmon)*
   250 F.3d 1240 (9th Cir. 2001)....................................................................................10

23

24

*Hartman v. Gilead Sciences, Inc.*
   536 F.3d 1049 (9th Cir. 2008)......................................................................................5

25

26

*Johnson v. Washington Mutual*
   2010 WL 682456*9 (E.D.Cal.2010) ...........................................................................9

27

*Kearns v. Ford Motor Co.*
   567 F.3d 1120 (9th Cir. 2009)......................................................................................9

28

*King v. California*
 784 F.2d 910 (9th Cir. 1986) ...................................................................................14

*Lisa Bridge v. Aames Capital Corporation*
 2010 WL 3834059 (N.D.Ohio 2010) ...........................................................................7

*Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*
 717 F.Supp.2d 735-736 (E.D.Mich. 2010), *cert. den.* 131 S.Ct. 1696, 179 L.Ed.2d 645
 (2011) ......................................................................................................................7, 3

*Milyakov v. JP Morgan Chase, N.A.*
 2012 WL 879245*4 (N.D.Cal. 2012) ............................................................................7

*Pantoja v. Countrywide Home Loans, Inc.*
 640 F.Supp.2d 1177 (N.D.Cal.2009) .........................................................................13

*Steele v. First Magnus Fin.*
 2013 WL 4039976*4 (N.D.Cal.2013) .......................................................................9, 11

*Transfresh Corp. v. Ganzerla & Assoc., Inc.*
 862 F.Supp.2d 1009 (N.D.Cal. 2012) ..........................................................................6

*Warth v. Seldin*
 422 U.S. 490, 95 S.Ct. 2197, 95 L.Ed.2d 343 (1975) ..................................................6

*Yahoo! Inc. v. La Ligue etc.*
 379 F.3d 1120 (9th Cir. 2004) ...................................................................................12

**CALIFORNIA CASES**

*Alliance Mortgage Co. v. Rothwell*
 10 Cal.4th 1226 (1995) ...............................................................................................9

*Bleavins v. Demarest*
 196 Cal.App.4th 1533 (2011) ......................................................................................6

*Conroy v. The Regents of the University of California*
 45 Cal.4th 1244 (2009) .............................................................................................10

*Durell v. Sharp Healthcare*
 183 Cal.4th 1350 (2010) ...........................................................................................14

*Fontenot v. Wells Fargo Bank*
 198 Cal.App.4th 256 (2011) .....................................................................................7, 8

*Gomes v. Countrywide Home Loans, Inc.*
 192 Cal.App.4th 1149 (2011) ....................................................................................13

*Hatchwell v. Blue Shield of California*
 198 Cal.App.3d 1027 (1988) .......................................................................................6

*Hochstein v. Romero*
    219 Cal.App.3d 447 (1990) ................................................................9

*In re Tobacco II*
    46 Cal.4th 298, 326 (2009) ...............................................................14

*Khoury v. Maly's of California, Inc.*
    14 Cal.App.4th 612 (1993) ...............................................................14

*Knox v. Dean*
    205 Cal.App.4th 417 (2012) ................................................................9

*Pacific States Savings and Loan Co. v. Strobeck*
    139 Cal.App. 427 (1934) .....................................................................9

*Wallace v. Moody*
    26 Cal. 387 (1864) ...............................................................................9

*Yeung v. Soos*
    119 Cal.App.4th 576 (2004) ..............................................................13

*Younan v. Equifax Inc.*
    111 Cal.App.3d 498 (1980) ...............................................................10

**FEDERAL STATUTES**

15 U.S.C. § 1640(e) ....................................................................................14

**CALIFORNIA STATUTES**

California Business and Professions Code § 17200 ...............................3, 14

California Code of Civil Procedure § 338(d) ..........................................1, 9

California Code of Civil Procedure § 2934(a)(1)(A) .............................3, 13

**FEDERAL RULES**

Fed.R.Civ.P. 8 ..............................................................................................5

Fed.R.Civ.P. 9 .........................................................................................5, 9

Fed.R.Civ.P. 12(b)(6) ...................................................................1, 5, 6, 13

Fed.R.Civ.P. 15(a) ......................................................................................15

Fed.R.Civ.P. § 2757 ...................................................................................12

Fed.R.Evid. 201 ............................................................................................6

U.S. Constitution, Article III, § 2, cl.1 .....................................................12

**TO THE HONORABLE WILLIAM H. ORRICK, UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on November 20, 2013, at 2:00 p.m., or as soon thereafter as the matter may heard, in Courtroom  2 of the U.S. Courthouse located at 450 Golden Gate Ave., San Francisco, California, Defendants Crystal Moore ("Moore") and Bryan Bly ("Bly"), for themselves alone, will and hereby do move for an order granting the within motion ("Motion") and dismissing the First Amended Verified Complaint and each cause of action set forth therein ("FAC") filed by Plaintiff  Obed M. Apostol, Jr. ("Apostol").  The Motion is brought pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") on the ground that the FAC and each cause of action set forth  therein fails to state a claim upon which relief can be granted as to Moore and Bly.  Specifically:

(i)  Apostol lacks standing to prosecute the FAC against Moore and Bly because he is not, and has never been, a party to the "Corporate Assignment of Deed of Trust" (the "Assignment") which is the only basis upon which liability is alleged against either Moore or Bly;

(ii)  Moore's execution of the Assignment was authorized at all times pursuant to a written authorization from the lender and assignor under the Assignment, Citi Residential Lending Inc. (as attorney-in-fact for Argent Mortgage Company, LLC) ("Citi"), and it must follow that if Moore's conduct in executing the Assignment was authorized, Bly's only alleged act, attesting that he knew Moore to be acting in her authorized capacity, was not wrongful;

(iii)  the Second Cause of Action for Constructive Fraud  is barred by the three year statute of limitations set forth in California Code of Civil Procedure §338(d) ("§338(d)"),  fails because no fiduciary or  other confidential relationship has ever existed between Apostol, on the one hand, and Moore and/or Bly, on the other hand, and also fails because Apostol has not and cannot  allege the requisite elements of constructive fraud with sufficient particularity;

(iv) despite the improper lumping of Moore and Bly with all of the other defendants as "Defendants", the allegations of the First, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, and each of them, are directed to other defendants and fail to allege any facts from

1

which the Court could conclude or even infer that any cognizable legal theory of recovery exists as to Moore and Bly;

(v) no real case or controversy exists between Apostol, on the one hand, and Moore and Bly on the other hand, because neither Moore nor Bly has ever asserted an interest in the subject property adverse to Apostol, and no effective remedy could be fashioned against either one of them.

Because these infirmities cannot be cured by amendment, Moore and Bly request that the FAC be dismissed without leave to amend.

The Motion is based on this Notice of Motion and Motion, the following memorandum of points and authorities, the Request for Judicial Notice[1] filed concurrently, the papers and pleadings filed in this case, and upon such other oral and documentary evidence as may be presented and received at the time of the hearing.

Dated: September 27, 2013         LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:     _/s/ Irv M. Gross_____
        Irv M. Gross
        Attorneys for Defendants Crystal Moore and
        Bryan Bly

---

[1] All references to the Request for Judicial Notice will appear as "RJN___."

**MEMORANDUM OF POINTS AND AUTHORITIES**[2]

**I**.

**STATEMENT OF ISSSUES**

The issues to be decided in Motion include:

- Whether an actual case or controversy exists as between Apostol, on the one hand, and Moore and Bly, on the other hand?

- Whether Apostol has standing to sue Moore and Bly since he was not a party to the Assignment;

- Whether Apostol has sufficiently alleged that he actually and justifiably relied on the Assignment, and such reliance resulted in actual damages?

- Whether Apostol has sufficiently alleged that he was prejudiced by Moore's execution and Bly's notarization of the Assignment, including resulting actual damages?

- Whether the constructive fraud claim is time-barred under §338(d)?

- Whether Apostol has plausibly stated a claim for relief against Moore and/or Bly for (i) wrongful foreclosure (ii) constructive fraud (iii) quiet title (iv) violation of the terms of the subject deed of trust (v) violation of California Civil Code §2934(a)(1)(A) (vi) violation of the Federal Truth-In-Lending Act (vii) violation of California Business and Professions Code §17200?

- Whether Moore and Bly have a complete defense based on the "Citi Authorization"?

- Whether the Motion should be granted without leave to amend?

**II.**

**STATEMENT OF FACTS**

On or about October 31, 2006, Apostol entered into a residential mortgage loan transaction with Argent Mortgage Company, LLC for the purchase of the residential property

---

[2] Unless otherwise stated, all defined terms below have the same meaning as in the preceding Notice of Motion.

3

located at 1330 Cedar Court, Gilroy, California (the "Property").[3]  On January 13, 2009, Moore executed the Assignment, which was notarized that day by Bly and thereafter recorded in the office of the Santa Clara County Recorder on March 2, 2009 as Document No. 20151291.[4] Pursuant to the Assignment, the note and deed of trust concerning the Property were assigned by Citi (as the attorney-in-fact for Argent Mortgage Company, LLC) to Mortgage Electronic Registration Systems as nominee for Citimortgage Inc. ("Citimortgage").[5]  At the time Moore executed the Assignment and Bly notarized it, they were both employees of Nationwide Title Clearing, Inc. ("Nationwide").[6](FAC, ¶¶19-20)  *Moore's execution and Bly's notarization of the Assignment are the only actions ever undertaken by either of them* in connection with the Property according to the FAC.[7]

On March 17, 2011, *more than two years after Moore executed and Bly notarized the Assignment*, defendant CR Title Services, Inc. ("CRTS") recorded a notice of default commencing the process of foreclosing upon the Property.[8]  During those two years (as well as the two years prior to execution of the Assignment), a number of actions and transactions (including subsequent assignments) between and among multiple entities - but *not Moore or Bly* - occurred in connection with the Property.  On May 15, 2012, CRTS, as the foreclosure trustee, sold the property to Turn Key Asset, Inc.[9]  Neither Moore nor Bly had any interest in or involvement with any of those entities, actions or transactions relating to the foreclosure on the Property, nor does the FAC allege a single fact evidencing any such relationship.

---

[3] FAC, ¶ 28; Exhibit "A".

[4] FAC, ¶¶ 19,20,53; Exhibit "B".

[5] FAC, ¶ 53; Exhibit "B".

[6] FAC, ¶¶ 19-20.

[7] The FAC is 50 pages, and contains 161 paragraphs (exclusive of the Prayer).  Other than being identified in paragraphs  19 and  20, respectively, Moore and Bly are mentioned only once, in paragraph 12, and the only conduct attributed to them is their respective execution and notarization of the Assignment.

[8] FAC, ¶ 62.

[9] FAC, ¶ 70.

**III**.

**ARGUMENT**

**A.    Applicable Legal Standard**

Under Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  For fifty years, courts followed the Supreme Court's *uber* liberal construction of Rule 8 to mean that "a FAC should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).   In 2007, the Supreme Court revisited *Conley* and concluded that fairness and practicality required a more stringent standard so that not every lawsuit, however speculative, could survive and strain the resources of the parties and the courts with unnecessary litigation. The Supreme Court abrogated *Conley* and held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true if properly pled and not conclusory, to state a claim to relief that is ***plausible on its face***." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). (emphasis added).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court expanded upon *Twombly* and explained that  "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements", will not satisfy the facial plausibility test.  *Id*. at 663.  Thus, while it remains the standard that in determining a Rule 12(b)(6) motion to dismiss the court is required to accept as true all material facts alleged in the complaint as well as all reasonable inferences to be drawn from such facts, it is not required to

1   accept as true allegations that are merely conclusory, or require unwarranted deductions or

2   unreasonable inferences.  *Hartman v. Gilead Sciences, Inc*., 536 F.3d 1049, 1055 (9th Cir. 2008).

3          Despite the liberality of Rule 8, claims of fraud must satisfy the requirements for greater

4   particularity set forth in Federal Rule of Civil Procedure 9(b) ("<u>Rule 9</u>").  Although the Federal

5   Rules of Civil Procedure do not explicitly provide that a complaint  may be dismissed for failing

6   to satisfy Rule 9(b), it is well established that such dismissal is appropriate where the complaint

7   falls short of the requisite specificity. *Transfresh Corp. v. Ganzerla & Assoc., Inc*., 862

8   F.Supp.2d 1009, 1017 (N.D.Cal. 2012), citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d

9   1097,1107 (9th Cir. 2003).

10          In reviewing a motion to dismiss under Rule 12(b)(6), a court may also take judicial

11   notice of matters in its own records, the records of other courts, and matters that can be

12   accurately and readily determined from sources whose accuracy cannot reasonably be

13   questioned. Federal Rule of Evidence 201.

14   **B.**     <u>**The FAC and Each Cause of Action Therein Should Be Dismissed Because Apostol**</u>

15          <u>**Lacks Standing to Prosecute the FAC Against Moore and Bly**</u>

16          Whether a plaintiff has standing is always the threshold issue in determining whether the

17   litigant is entitled to have the court decide the merits of the dispute or of a particular issue.

18   *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 95 L.Ed.2d 343 (1975).  In the present case,

19   the ***only*** purportedly actionable conduct alleged on the part of Moore is that she executed the

20   Assignment on behalf of Citi without authority since she was actually employed by Nationwide

21   at the time, and the only issue as to Moore is whether such conduct rendered the Assignment

22   invalid. The claim is even more tenuous against Bly, who did nothing more than notarize the

23   Assignment, attesting to the fact that the Assignment was executed by Moore who was "well

24   known to me" as the representative of Citi.  If Moore was in fact authorized to execute the

25   Assignment on behalf of Citi, it must follow that Bly's notarization was accurate and not

26   improper.

27          Federal courts look to state substantive law to determine the validity of an assignment.

28   *Carter v. Brooms (In re Brooms)*, 447 B.R. 258, 265 (9th Cir. BAP 2011).  In deciding whether

Apostol had standing to sue Moore and Bly based on the allegedly invalid Assignment, the Court must look to California law.  It has long been settled law in California that someone who is not a party to an assignment has no standing to enforce it, or to challenge its validity. *See Bleavins v. Demarest*, 196 Cal.App.4th 1533, 1542 (2011); *Hatchwell v. Blue Shield of California*, 198 Cal.App.3d 1027, 1034 (1988).  This principle has been followed in jurisdictions across the country as the basis for rejecting the borrower's attack on the validity of the assignment in order to enjoin a foreclosure or to obtain relief for a purportedly wrongful foreclosure.  *See e.g. Livonia Property Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC,* 717 F.Supp.2d 735-736 (E.D.Mich. 2010), *cert. den.* 131 S.Ct. 1696, 179 L.Ed.2d 645 (2011) ("Borrower certainly has an interest in avoiding foreclosure.  But the validity of the assignment does not effect [sic] ***whether*** Borrower owed its obligations, but only to ***whom*** Borrower is obligated."(emphasis in original)); *Benoist v. U.S. Bank National Association*, 2012 WL 32021280*5 (D.Hawai'i 2012) (borrower cannot challenge an assignment that he was not a party to, and may not assert claims based on the lack of authority to make the assignment); *Lisa  Bridge v. Aames Capital Corporation*, 2010 WL 3834059 (N.D.Ohio 2010) ("[c]ourts have routinely found that a debtor may not challenge an assignment between assignor and assignee.").

California courts have also addressed the issue and come to the same conclusion:

> We also note a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. [Citations omitted.] . . . ***Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor.  As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note.***  Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with her payment of the note [citation omitted], nor that the original lender would have refrained from foreclosure under the circumstances presented.  If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.

*Fontenot v. Wells Fargo Bank,* 198 Cal.App.4[th] 256, 272 (2011) (emphasis added).  *In accord Edwards v. Federal Home Loan Mortgage Corp.*, 2012 WL 5503532*4 (N.D.Cal. 2012); *Milyakov v. JP Morgan Chase, N.A.*, 2012 WL 879245*4 (N.D.Cal. 2012).  The reasoning of *Fontenot* is equally persuasive here.  The Assignment did nothing more than substitute one creditor (Citimortgage) for another (Citi), without in any way changing Apostol's obligations under his loan.  Nor can Apostol seriously contend that he detrimentally relied upon and changed his position or otherwise suffered damages in actual reliance upon the Assignment.  In short, Apostol is no better situated to plead a claim against Moore and Bly based on the invalidity of the Assignment than was the plaintiff in *Fontenot* against MERS.  *In accord*, *Flores v. GMAC Mortgage, LLC*, 2013 WL 2049388 (N.D.Cal. 2013), in which this district court viewed  the ubiquitous "invalid assignment" argument  as a flawed  theory, and further held, citing *Fontenot*, that even if the assignment was defective, only the owner would have standing to sue because it would have been its interests that were assigned without authority. *Id.* at *3,4.  In what appears to be the most recent decision on the issue from a district court in California, a motion to dismiss was granted on grounds that included the borrowers' lack of standing to challenge the assignment because they were not parties to that agreement, as well as the absence of prejudice as a result of the foreclosure, citing *Fontenot*. The district court also observed that its decision was consistent with a majority of district courts in California that have addressed the issues.  *Dick v. American Home Mortgage Servicing, Inc.*, 2013 WL 5299180*2-3 (E.D.Cal.2013).

For the foregoing reasons, Moore and Bly respectfully submit that Apostol does not have standing to prosecute this action against them, or either of them, based on the allegedly invalid Assignment.  The FAC, therefore, should be dismissed as to both Moore and Bly.  Furthermore, the dismissal should be without leave to amend because the lack of standing cannot be remedied through any amendment.

/ / /

/ / /

/ / /

1   ///

2   ///

3   ///

4   ///

5   **C.**     **The Second Cause Of Action For Constructive Fraud Should Be Dismissed Because**

6        **It Is Barred By the Statute Of Limitations, No Fiduciary Or Confidential**

7        **Relationship Has Ever Existed Between Apostol And Moore And Bly, And The**

8        **FAC Fails To Sufficiently AllegeThe Elements of Constructive Fraud**

9        1.     Statute of Limitations

10       Execution and notarization of the Assignment are the only acts alleged in the FAC

11  attributable to Moore and Bly, respectively.   The Assignment reflects that it was executed by

12  Moore and notarized by Bly on January 13, 2009.  The original complaint was filed by Apostol

13  on April 30, 2013.  The FAC, therefore, is barred by the three year statute of limitations set forth

14  in §338(d) that applies to actions for fraud or mistake.  Furthermore, although §338(d) contains

15  a "late discovery" exception, Apostol should not be permitted to avail himself of it.  Rather, 150

16  years of jurisprudence in California has established that the recording of a document gives all

17  the world notice of its contents. *See Wallace v. Moody*, 26 Cal. 387, 392 (1864) (a recorded

18  document "shall impart notice to all the world of its contents); *Pacific States Savings and Loan*

19  *Co. v. Strobeck*, 139 Cal.App. 427, 435 (1934); *Hochstein v. Romero*, 219 Cal.App.3d 447, 452-

20  453 (1990).  Here, the alleged fraud occurred when  the Assignment was executed and notarized

21  on January 13, 2009, or certainly no later  than  when it was recorded on March 2, 2009, while

22  the FAC was not filed until April 30, 2013.  The constructive notice imparted by the recording

23  of the Assignment should be considered as having started the running of the three year

24  limitations period in §338(d), and the FAC, therefore, is time barred.

25       2.     The Requisite Elements of Constructive Fraud Have Not Been Pled With

26            Sufficient Particularity

27       Constructive fraud, like actual fraud, must be plead with specificity.  *Knox v. Dean*, 205

28  Cal.App.4[th] 417, 434 (2012).   Although constructive fraud, unlike actual fraud, does not require

9

1   deliberate and fraudulent intent, justifiable reliance and actual damages remain essential

2   elements of the tort. *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226, 1238 (1995); *Johnson*

3   *v. Washington Mutual*, 2010 WL 682456*9 (E.D.Cal.2010) (rejecting fraud claim for failure to

4   show how the plaintiff "relied on the representations or what damages resulted from the

5   reliance.").  Moreover, the heightened pleading standard of Rule 9(b) applies equally to

6   constructive fraud. *See, Steele v. First Magnus Fin.*, 2013 WL 4039976*4 (N.D.Cal.2013)

7   Accordingly, the "who, what, when, where and how of the misconduct charged" must be alleged

8   with sufficient specificity to give the defendants adequate notice of the particular misconduct.

9   *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Thus, Apostol must allege

10  ***facts -*** as opposed to self-serving conclusions - demonstrating that he ***actually and justifiably***

11  ***relied*** upon the Assignment to his detriment, and that he suffered ***actual damages as a result of***

12  his actual reliance upon any representations made to him by either Moore or Bly.  Justifiable

13  reliance occurs only when the wrongful conduct is "an immediate cause of [a plaintiff's

14  conduct], which alters his legal relations, and when, absent such [wrongdoing], 'he would not,

15  in all reasonable probability, have entered into the contract or transaction.'"  *Conroy v. The*

16  *Regents of the University of California*, 45 Cal.4th 1244, 1256 (2009), *quoting Engalla v.*

17  *Permanente Medical Group, Inc.*, 15 Cal.4th 951, 976-977 (1997).  No such reasonable reliance

18  is alleged in the FAC, nor could it be, because it never occurred.

19          In addition, and arguably the most essential element of constructive fraud, a fiduciary or

20  confidential relationship between the plaintiff and defendant must exist at the time of the fraud.

21  *Younan v. Equifax Inc.*, 111 Cal.App.3d 498, 516-517 (1980); *Harmon  v. Kobrin (In re*

22  *Harmon)*, 250 F.3d 1240, 1249, fn.10 (9th Cir. 2001) ("constructive fraud  is a unique species of

23  fraud applicable only to a fiduciary or confidential relationship.").  [10]   In the present case,

24  Apostol has not and cannot allege the existence of a fiduciary or confidential relationship with

25

26  _____

27          **[10]** Not surprisingly, in the original complaint Apostol alleged actual fraud, which
    he has now dropped in favor of the slightly easier standard of constructive fraud.  For the
28  reasons set forth in this memorandum, however, even the constructive fraud claim is
    fatally defective.

1   Moore and/or Bly; indeed, there is nothing in the FAC to suggest that he has ever met them or

2   even spoken with either of them.

3       Most importantly, Apostol cannot successfully allege and demonstrate that the

4   Assignment was false; that is, that Moore did not have authority to execute the Assignment on

5   behalf of Citi.  Thus, while Apostol correctly alleges that Moore and Bly were employees of

6   Nationwide at the time they executed and notarized the Assignment on behalf of Citi *supra,* ***at***

7   ***the time she executed the Assignment, Moore was one of a number of Nationwide employees***

8   ***specifically identified in a written authorization from Citi to Nationwide (the "Citi***

9   ***Authorization") who were authorized to***

10          execute any and all reasonable and necessary documents required
    in connection with processing Assignments and Releases, [and to

11          do so] as a Vice President and Assistant Secretary of the

12          Corporation . . .

13      The Citi Authorization was in full force and effect at the time Moore executed the

14  Assignment.[11]  Accordingly, the core premise of Apostol's entire claim against Moore and Bly,

15

16  [11] RJN 1.  "Lack of authorization" has been the basis for alleging fraud against Nationwide and
    its employees, including Moore and Bly, in a number of recent lawsuits.  In every instance but

17  one (where the authorization was provided in connection with a motion for summary judgment),
    the written authorization from the lender was provided to the court at the demurrer or motion to

18  dismiss stage, and  either the demurrer was sustained without leave to amend, or the motion to
    dismiss was granted with prejudice and without leave to amend, or the plaintiff voluntarily

19  dismissed the action with prejudice. For example, just recently in this district Bankruptcy Judge
    Hammond granted Moore's motion to dismiss without leave to amend  in  *Narayan v. Central*

20  *Mortgage Company,* USBC Adv. No 13-04029-MEH.  Plaintiff has alleged the same "fraud" as
    Apostol alleges here, i.e. that Moore had signed the assignment in that case on behalf of the

21  lender, Downey Savings and Loan, at a time when she was employed by Nationwide.  As in the
    present case, Moore argued plaintiffs' lack of standing and provided the bankruptcy court with a

22  copy of the written authorization from the lender specifically identifying Moore as one of the
    Nationwide employees authorized to execute assignments and related documents on its behalf.

23  (Note: the complaint had been amended before Moore was served, so her motion to dismiss the
    first amended complaint  was granted without leave to amend on the ***first*** filing.). (RJN 2) In

24  *Ilyan v. Wells Fargo Bank et al.*, San Joaquin County Superior Court Case No. 39-2011-

25  00268103-CU-OR-STK, Nationwide's demurrer was sustained without leave to amend and
    judgment was entered in its favor after the authorization from  Washington Mutual Bank was

26  provided to the court in connection with the demurrer. (RJN 3) In *Washington  v. Central*
    *Mortgage et al.*, Monterey County Superior Case No. M113582, the authorization from Downey

27  Savings and Loan was provided in connection with the demurrer.  The demurrer was sustained

28  with leave to amend.  Plaintiff was unable to amend and voluntarily dismissed the action with

1  that Moore fraudulently represented that she had the authority to execute the Assignment on

2  behalf of Citi when, in fact, she was an employee of Nationwide at the time, completely

3  unravels.  The Second Cause of Action for fraud, therefore, should be dismissed.

4  **D.  The First, Third, Fourth, Fifth, Sixth And Seventh Causes of Action, and Each of**

5  **Them, Should Be Dismissed Because (i) There Is No Actual Controversy Between**

6  **Apostol and Moore and Bly In Connection With These Particular Causes of Action**

7  **and No Effective Relief Can Be Fashioned Against Them (ii) No Facts Are Alleged**

8  **Regarding the Conduct of Moore and Bly That Would Support Liability Against**

9  **Either of Them On Any of These Causes of Action**

10  Courts may adjudicate only actual cases or controversies.  U.S. Constitution, art. III,§ 2,

11  cl.1. In determining whether a controversy actually exists and is not illusory, courts consider

12  whether "[t]he controversy [is] definite and concrete, touching the legal relations of *parties*

13  *having adverse legal interests*. [Citations omitted.]. It must be a real and substantial

14  controversy, admitting of *specific relief* through a decree of a conclusive character . . ."

15  *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461 (1937).

16  (Emphasis added); *Yahoo! Inc. v. La Ligue etc*., 379 F.3d 1120, 1127 (9th Cir. 2004). In this

17  instance, the First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action all are directly

18  related to the foreclosure of the deed of trust on the Property and seek to set it aside the

19  foreclosure as wrongful.  However, there is not a single allegation in the entire FAC that Moore

20  and Bly actually had any involvement in the servicing of the loan on the Property, or any aspect

21

22

23  _____

24  prejudice as to Nationwide only. (RJN 4) In *Shoffeit v. Green Tree Servicing LLC*, *et al*.,  San
Bernardino County Superior Court Case No. CIV VSI1202583, another one of Nationwide's
employees, Vilma Castro, was sued on the ground she was not authorized to execute the

25  assignment of the deed of trust.  A copy of the authorization from the lender, Greentree
Servicing LLC, was provided in connection with the demurrer, and the demurrer was sustained

26  without leave to amend and judgment entered in favor of Ms. Castro. (RJN 5) In *Panitz v.*

27  *Central Mortgage Co., et al*., Los Angeles County Superior Court Case No. YC 060960, Moore
provided a declaration explaining what she does, with a copy of the authorization from the

28  lender, Downey Savings. Before the hearing on Nationwide's motion for summary judgment,
the plaintiff voluntarily dismissed Nationwide (and only Nationwide) with prejudice. (RJN 6)

of the foreclosure that took place more than two years after they executed and notarized the Assignment, which are the only actions attributable to them.

The legal interests of Apostol, on the one hand, and Moore and Bly, on the other hand, are not legally adverse.  Moore and Bly have no interest in the Property nor have they ever asserted one.  However the Court rules on whether the foreclosure was proper or wrongful, it will not affect Moore and Bly.  *See,* 10B Wright, *Federal Rules of Civil Procedure*, §2757 (3d. ed.) (no controversy if the opposing party disclaims the assertion of countervailing rights).  Nor is there specific and effective relief the Court can fashion ***against Moore and Bly*** in connection with a claim for wrongful foreclosure**.**  In short, there is no "real and substantial controversy" between Apostol, Moore and Bly.

For the same reasons, the FAC does not and cannot allege facts stating a claim for relief against Moore and Bly that could survive a Rule 12(b)(6) motion.  Even a cursory review of the allegations in each of the causes of action (other than the Third Cause of Action, which is discussed above)  reflects that these claims are not, nor could they be, actually alleged against Moore and Bly:

- The First Cause of Action for wrongful foreclosure fails because, nothwithstanding reference to the alleged fraudulent Assignment,  the claim largely focuses on the irregularities in initiating and carrying out the foreclosure, with which Moore and Bly had no involvement;
- The Third Cause of Action for quiet title fails because an action to quiet title establishes the plaintiff's title to real property against ***adverse claims***. *Yeung v. Soos*, 119 Cal.App.4[th] 576, 580, fn.2 (2004).  But neither Moore nor Bly claims any interest in the Property at all, let alone adverse to Apostol;
- The Fourth Cause of Action for failure to comply with conditions precedent fails because the claim  is directed to various provisions in the deed of trust on the Property, particularly those concerned with conduct after default.  Moore and Bly, however,  had no involvement with carrying out the terms of the deed of trust, and had been out of the

13

picture for  more than two years when the default and subsequent foreclosure took place;

- The Fifth Cause of Action for violation of Civil Code §2934(a)(1)(A)  fails because it is directed to the conduct of a trustee in connection with a nonjudicial foreclosure sale. Moore and Bly were not foreclosure trustees and, in fact, had no involvement whatsoever with the nonjudicial foreclosure of the Property;[12]

- The Sixth Cause of Action for violation of the Truth-In-Lending Act ("TILA") fails because the FAC alleges that "*Defendants* are not entitled to foreclosure procedures, which *Defendants* are not entitled to *initiate, participate in, benefit or conduct*."[13] Again, Moore and Bly were not involved in any way with the foreclosure: they did not initiate it, participate in it, benefit from it or conduct it.  In addition, a claim for TILA damages must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. §1640(e).  The limitations period is triggered by entry into the loan transaction. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Apostol has alleged that he entered into the mortgage loan transaction in October, 2006.[14] The claim, however, was not filed until April, 2013, more than five years later.  The TILA cause of action, therefore, is time-barred;

- The Seventh Cause of Action for violation of Business and Professions Code §17200 repeatedly refers to the actual wrongdoers as "the Foreclosure Defendants", a term that

---

[12] The Civil Code provides " a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 1154 (2011).  There is no provision in this statutory scheme that would apply to Moore or Bly.  *See, Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1187 (N.D.Cal.2009) (dismissal of wrongful foreclosure action warranted where none of the foreclosure statutes are applicable to the case).

[13] FAC, ¶142. (Emphasis added).

[14] FAC, ¶28.

14

clearly does not include Moore and Bly, and virtually all of the "bad acts" are

specifically attributed to "the Foreclosure Defendants". **[15]**

The FAC is a perfect example of why it is not merely good pleading practice to

specifically identify each defendant whose conduct is the subject of a particular claim for relief

as well as the specific bad acts attributable to that defendant, but why the failure to allege that

minimal level of specificity  subjects the complaint to dismissal.  *See, e.g.  Fortaleza v. PNC*

*Financial Services Group. Inc.*, 642 F.Supp2d 1012, 1019-1020 (N.D.Cal.2009:

> As a preliminary matter, plaintiff's cause of action fails because
> plaintiff does not allege any specific claim against any specific
> defendant.  Rather, plaintiff generally alleges her claim against 'all
> defendants,' without identifying which defendant is responsible for
> her alleged injuries.  As such, plaintiff fails to place either PNC or
> National City on notice of the claim or claims being asserted
> against her.

In the FAC, ***every cause of action is alleged against "All Defendants"*** despite the fact

that by virtue of time, circumstance and the nature of the claim it is absurd to suggest that

Moore and Bly had any role in the events surrounding the foreclosure of the Property more than

two years after they executed and notarized the Assignment.  That conclusion does not change

simply because Apostol decides (perhaps intentionally in order to avoid this precise pleading

problem) to indiscriminately lump Moore and Bly in with all of the other defendants in every

cause of action in the FAC.

**E.      The Motion Should Be Granted Without Leave to Amend**

Although leave to amend shall be given freely when justice so requires, Federal Rule of

Civil Procedure 15(a), leave may be denied if amendment of the FAC would be futile.  *Gordon*

*v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).  Giving Apostol leave to amend  the

---

**[15]** To state a claim under §17200, the plaintiff must state with particularity the facts
supporting the statutory elements of the violation.  A complaint that fails to allege the violation
with sufficient particularity is subject to dismissal.  *Khoury v. Maly's of California, Inc.,* 14
Cal.App.4th 612, 619 (1993).  The plaintiff  also must demonstrate actual reliance, not merely
some factual nexus between the alleged wrongful conduct and the injury, *Durell v. Sharp
Healthcare*, 183 Cal.4th 1350, 1359 (2010), and the reliance must have been "an immediate
cause" of the plaintiff's injury.  *In re Tobacco II* Cases, 46 Cal.4th 298, 326 (2009).  The FAC,
certainly as to Moore and Bly, does not remotely satisfy these requirements.

FAC as to Moore and Bly would be futile because there are deficiencies in the pleading that are incurable.  As explained above, standing is a threshold consideration in any analysis of whether a party should be permitted to prosecute litigation before the federal court. ***As a matter of law***, Apostol has no standing to pursue claims against Moore and Bly based on the allegedly invalid Assignment – the only alleged wrongdoing attributed to them - and there are no facts that could cure this legal infirmity.  Likewise, Apostol cannot "undo" the Authorization from Citi.  The Authorization is plain on its face, and confirms that Moore was authorized to execute the Assignment on Citi's behalf.  With such authorization established, there also is no claim against Bly for notarizing the Assignment.  At this point, therefore, none of the alleged wrongdoing left in the FAC is attributable to either Moore or Bly.

For all of the reasons explained above, Moore and Bly respectfully submit that the deficiencies in the FAC, at least as to them, cannot be cured.  In that event, Moore and Bly should not have to incur the time and expense of demonstrating these enduring deficiencies in connection with yet another amended complaint.  The Motion, therefore, should be granted without leave to amend.

## IV.

## <u>CONCLUSION</u>

More than four years ago, Moore executed the Assignment, and it was notarized at the time by Bly.  Moore executed the Assignment pursuant to ***express written authority*** from the lender, Citi, that specifically identified her as one of several Nationwide employees authorized to sign transfer documents on its behalf.  Since then, neither Moore nor Bly have had any involvement whatsoever with Apostol, the Property or any of the transactions or events that are the subject of the FAC.  Yet here they are, both residents of Florida, being dragged through a dispute between Apostol and others (with whom they have no affiliation) in the United States District Court in Northern California in which damages are being sought against them.  Something is terribly wrong with this picture!

1    Both reason and case law demand that Moore and Bly be extricated from this litigation.

2 Accordingly, Moore and Bly respectfully request the Court to grant the Motion in its entirety

3 and without leave to amend.

4

5 Dated: September 27, 2013          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

6

7                                    By:    _____*/s/ Irv M. Gross*_____
                                            Irv M. Gross
8                                           Attorneys for Defendants
                                            Crystal Moore and Bryan Bly
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEFENDANTS CRYSTAL MOORE'S AND BRYAN BLY'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED VERIFIED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 27, 2013,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____ I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 27, 2013,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT DELIVERY**
Judge William H. Orrick
Attn: Courtroom Deputy
San Francisco Courthouse, Courtroom 2
450 Golden Gate Avenue, San Francisco, CA 94102

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 27, 2013 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Mark Whitney Lapham
marklapham@sbcglobal.net,lesliepatrice@gmail.com

John Nadolenco
jnadolenco@mayerbrown.com,jaustgen@mayerbrown.com

Steven Edward Rich
srich@mayerbrown.com,courtnotification@mayerbrown.com,LOS-
Docket@mayerbrown.com,rortiz@mayerbrown.com,egriffin@mayerbrown.com

**F 9013-3.1.PROOF.SERVICE**