1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  *jnadolenco@mayerbrown.com*
   STEVEN E. RICH (SBN 198412)
3  *srich@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA 90071-1503
   Telephone: (213) 229-9500
5  Facsimile: (213) 625-0248

6  Attorneys for Defendants CITIMORTGAGE,
   INC., CITI RESIDENTIAL LENDING, INC.,
7  CR TITLE SERVICES, INC., and MORTGAGE
   ELECTRONIC REGISTRATION SYSTEMS,
8  INC.

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  OBED APOSTOL, JR., an individual;          | Case No.: 3:13-cv-01983-WHO
13                                             |
14              Plaintiff,                     | **DEFENDANTS CITIMORTGAGE, INC.,
                                               | CITI RESIDENTIAL LENDING, INC., CR
15       v.                                    | TITLE SERVICES, INC., AND
                                               | MORTGAGE ELECTRONIC
16  CITIMORTGAGE, INC., a New York             | REGISTRATION SYSTEMS, INC.'S
    Corporation; CITI RESIDENTIAL LENDING,     | NOTICE OF MOTION AND MOTION TO
17  INC., a national banking association; CR TITLE | DISMISS FIRST AMENDED
    SERVICES, INC., a Delaware Corporation;    | COMPLAINT PURSUANT TO FED. R.
18  CRYSTAL MOORE, an individual; BRYAN        | CIV. P. 12(B)(6); MEMORANDUM OF
    BLY, an individual; MORTGAGE               | POINTS AND AUTHORITIES IN
19  ELECTRONIC REGISTRATION SYSTEMS,           | SUPPORT THEREOF**
    INC., a Delaware Corporation; and DOES 1   |
20  through 100, inclusive,                    | Date:   November 20, 2013
                                               | Time:   2:00 p.m.
21              Defendants.                    | Courtroom: 2, 17th Floor
                                               | Judge: Hon. William H. Orrick
22                                             |
23                                             | First Amended Complaint filed: August 19,
                                               | 2013
24
25
26
27
28

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION TO DISMISS .................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .............................................. 1

I. INTRODUCTION .......................................................................................... 1

II. STATEMENT OF ISSUES .............................................................................. 3

III. FACTUAL BACKGROUND .......................................................................... 3

    A.    Plaintiff's Loan ............................................................................ 3

    B.    Plaintiff's Central District Case ................................................ 5

    C.    The Instant Action ...................................................................... 6

IV. ARGUMENT ................................................................................................ 7

    A.    Plaintiff's Claims Are Barred By Res Judicata .......................... 8

        1.    There Is An Identity Of Claims In This Case And The Central District Case .......................................................... 9

        2.    The Central District Case Ended In A Final Judgment On The Merits ...................................................................... 10

        3.    There Is An Identity Or Privity Between Parties ...................... 10

    B.    Plaintiff Lacks Standing To Challenge The Assignments Or The PSA ............... 11

    C.    The FAC Fails To State Any Claim On Which Relief Could Be Granted ........... 14

        1.    The Wrongful Foreclosure Allegations Fail To State A Claim ................ 14

        2.    Plaintiff's Claim For Constructive Fraud Should Be Dismissed ............. 17

        3.    The Cause Of Action For Quiet Title Fails To State A Claim ................. 19

        4.    The Allegations That Defendants Failed to Comply With Conditions Precedent Of The Deed Of Trust Do Not State A Claim ....... 20

        5.    Plaintiff Has No Plausible Claim Under § 2934(a) ................................. 21

        6.    Plaintiff's TILA Claim Is Time-Barred And Insufficiently Pled ............. 22

        7.    The Claim Based On The Unfair Competition Law Should Be Dismissed ...................................................................... 23

V. CONCLUSION ............................................................................................ 25

i

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

# TABLE OF AUTHORITIES

Page(s)

CASES

*Abdallah v. United Sav. Bank,*
  43 Cal. App. 4th 1101 (1996)......................................................................................... 15

*Almutarreb v. Bank of New York Trust,*
  2012 WL 4371410 (N.D. Cal. Sept. 24, 2012)................................................................ 13

*Anderson v. U.S. Bank,*
  2013 WL 3968028 (N.D. Cal. July 31, 2013)................................................................. 20

*Aniel v. GMAC Mortg.,*
  2012 WL 5389706 (N.D. Cal. Nov. 2, 2012).............................................................12, 13

*Arabia v. BAC Home Loans Serv.,*
  208 Cal. App. 4th 462 (2012), explained....................................................................... 14

*Arnolds Mgmt. v. Eischen,*
  158 Cal. App. 3d 575 (1984).......................................................................................... 19

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ......................................................................................................... 7

*Assilzadeh v. California Fed. Bank,*
  82 Cal. App. 4th 399 (2000)........................................................................................... 17

*Auerbach v. Great W. Bank,*
  74 Cal. App. 4th 1172 (1999)......................................................................................... 24

*Bascos v. Federal Home Loan Mortg. Corp.,*
  2011 WL 3157063 (C.D. Cal. July 22, 2011) ................................................................ 12

*Beech v. Ocwen Fed. Bank,*
  523 U.S. 410 (1998) ....................................................................................................... 22

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ......................................................................................................... 7

*Boyter v. Wells Fargo Bank,*
  2012 WL 1144281 (N.D. Cal. Apr. 4, 2012)............................................................16, 22

*Callan v. Experian Info. Solutions,*
  2013 WL 3369149 (N.D. Cal. July 5, 2013) .................................................................... 8

i

*Capodiece v. Wells Fargo Bank,*
   2013 WL 1962310 (N.D. Cal. May 10, 2013) ............................................... 24

*Cervantes v. Countrywide Home Loans,*
   656 F.3d 1034 (9th Cir. 2011) .................................................................. 15

*Chavez v. Washington Mut. Bank,*
   2013 WL 2450128 (N.D. Cal. June 5, 2013) ............................................. 11

*Citibank v. Wilbern,*
   2013 WL 1283802 (N.D. Ill. Mar. 26, 2013) ........................................... 13

*Dancy v. Aurora Loan Svcs.,*
   2011 WL 835787 (N.D. Cal. Mar. 4, 2011) ............................................... 8

*Debrunner v. Deutsche National Trust Co.,*
   204 Cal. App. 4th 433 (2012) ................................................................ 22

*DeLeon v. Wells Fargo Bank,*
   2011 WL 311376 (N.D. Cal. Jan. 28, 2011) ........................................... 24

*Dick v. American Home Mortg.,*
   2013 WL 5299180 (E.D. Cal. Sept. 18, 2013) ..................................... 16, 19

*Dye v. First Source Funding,*
   2013 WL 1907737 (N.D. Cal. May 7, 2013) ............................................... 3

*Eng v. Washington Mut. Bank,*
   2013 WL 622363 (N.D. Cal. Feb. 14, 2013) ............................................... 8

*Flores v. GMAC Mortg.,*
   2013 WL 2049388 (N.D. Cal. May 14, 2013) ..................................... 12, 16

*Fontenot v. Wells Fargo Bank,*
   198 Cal. App. 4th 256 (2011) ................................................................ 16

*Fortaleza v. PNC Fin. Servs.,*
   642 F. Supp. 2d 1012 (N.D. Cal. 2009) .................................................. 19

*Glaski v. Bank of America,*
   218 Cal. App. 4th 1079 (2013) .............................................................. 13

*Gomes v. Countrywide Home Loans,*
   192 Cal. App. 4th 1149 (2011) .............................................................. 22

*In re Macklin,*
   2011 WL 2015520 (Bankr. E.D. Cal. May 19, 2011) ............................. 12

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

*In re Schimmels,*
  127 F.3d 875 (9th Cir. 1997).................................................................................11, 12

*In re Walker,*
  466 B.R. 271 (Bankr. E.D. Pa. 2012) ................................................................. 14

*Int'l Union of Operating Eng'rs v. Karr,*
  994 F.2d 1426 (9th Cir. 1993)..........................................................................8, 10

*Johnson v. Washington Mut.,*
  2010 WL 682456 (E.D. Cal. Feb. 24, 2010) ....................................................... 18

*Justice v. Countrywide Home Loans,*
  2006 WL 141746 (E.D. Tenn. Jan. 18, 2006) ..................................................... 23

*Karnatcheva v. JPMorgan Chase Bank,*
  704 F.3d 545 (8th Cir. 2013) ............................................................................... 13

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir.2009).........................................................................17, 18

*Kelly v. Countrywide Home Loans,*
  2009 WL 3489422 (E.D. Cal. Oct. 26, 2009) ..................................................... 23

*Khoury v. Maly's of Cal.,*
  14 Cal. App. 4th 612 (1993)................................................................................. 25

*King v. California,*
  784 F.2d 910 (9th Cir. 1986)............................................................................... 23

*Lane v. Vitek Real Estate Indus. Grp.,*
  713 F. Supp. 2d 1092 (E.D. Cal. 2010) .............................................................. 16

*Livonia Props. Holdings v. 12840-12976 Farmington Road Holdings,*
  399 F. App'x 97 (6th Cir. 2010)........................................................................... 13

*Lona v. Citibank,*
  202 Cal. App. 4th 89 (2011)................................................................................ 14

*Lopez v. Chase Home Finance,*
  2009 WL 1120318 (E.D. Cal. Apr. 24, 2009)...................................................... 15

*Marks v. Chicoine,*
  2007 WL 160992 (N.D. Cal. Jan. 18, 2007) ....................................................... 23

*Maynard v. Wells Fargo Bank,*
  2013 WL 4883202 (S.D. Cal. Sept. 11, 2013) .................................................... 12

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

*McGough v. Wells Fargo Bank,*
  2012 WL 2277931 (N.D. Cal. June 18, 2012) ................................................ 15

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.,*
  540 F.3d 1049 (9th Cir. 2008) ........................................................................ 25

*Miller v. Provost,*
  26 Cal. App. 4th 1703 (1994) ......................................................................... 19

*Moore v. Kayport Package Express,*
  885 F.2d 531 (9th Cir. 1989) ............................................................................ 7

*Morgan v. Aurora Loan Servs.,*
  2013 WL 3448552 (C.D. Cal. July 9, 2013) ................................................... 15

*Mullis v. U.S. Bankr. Ct.,*
  828 F.2d 1385 (9th Cir. 1987) ........................................................................ 21

*Niranjan v. Bank of America,*
  2013 WL 1701602 (N.D. Cal. Apr. 18, 2013) ............................................19, 23

*Nymark v. Heart Federal Sav. & Loan,*
  231 Cal. App. 3d 1089 (1991) ........................................................................ 17

*Patacsil v. Wilshire Credit,*
  2010 WL 500466 (E.D. Cal. Feb. 8, 2010) ..................................................... 18

*Perlas v. GMAC Mortg.,*
  187 Cal. App. 4th 429 (2010) ......................................................................... 17

*Permito v. Wells Fargo Bank,*
  2012 WL 1380322 (N.D. Cal. Apr. 20, 2012) ..........................................14, 15, 16

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.,*
  749 F. Supp. 2d 1022 (N.D. Cal. 2010) .......................................................24, 25

*Pitre v. Wells Fargo Bank,*
  2013 WL 2156315 (N.D. Cal. May 17, 2013) ................................................. 24

*Poindexter v. EMI Record Group,*
  2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012) .................................................. 4

*R&B Auto Ctr. v. Farmers Group,*
  140 Cal. App. 4th 327 (2006) .......................................................................23, 24

*Rajamin v. Deutsche Bank Nat. Trust,*
  2013 WL 1285160 (S.D.N.Y. Mar. 28, 2013) ................................................. 13

iv

*Roque v. Suntrust Mortg.*,
  2010 WL 546896 (N.D. Cal. Feb. 10, 2010) ................................................. 16

*Sami v. Wells Fargo Bank*,
  2012 WL 967051 (N.D. Cal. March 21, 2012) ................................................. 13

*See.Gamble v. GMAC Mortg.*,
  2009 WL 400359 (N.D. Cal. Feb. 18, 2009) ................................................. 3

*Shkolnikov v. JPMorgan Chase Bank*,
  2012 WL 6553988 (N.D. Cal. Dec. 14, 2012) ................................................. 12

*Singh v. Wells Fargo Bank*,
  2013 WL 1787157 (N.D. Cal. Mar. 8, 2013) ................................................. 22

*Sipe v. Countrywide Bank*,
  2010 WL 2773253 (E.D. Cal. July 13, 2010) ................................................. 13, 18

*Slipak v. Bank of Am.*,
  2011 WL 5526445 (E.D. Cal. Nov. 14, 2011) ................................................. 22

*Soberanis v. Mortgage Electronic Registration Systems*,
  2013 WL 4046458 (S.D. Cal. Aug. 8, 2013) ................................................. 25

*Spencer v. DHI Mortg.*,
  642 F. Supp. 2d 1153 (E.D. Cal. 2009) ................................................. 17

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ................................................. 21

*Steckman v. Hart Brewing*,
  143 F.3d 1293 (9th Cir. 1998) ................................................. 7

*Steele v. First Magnus Fin.*,
  2013 WL 4039976 (N.D. Cal. Aug. 7, 2013) ................................................. 17, 21

*Stratosphere Litig. v. Grand Casinos*,
  298 F.3d 1137 (9th Cir. 2002) ................................................. 10

*Super 7 Motel v. Wang*,
  16 Cal. App. 4th 541 (1993) ................................................. 12

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ................................................. 17

*Tahoe-Sierra Preserv. Council v. Tahoe Regional Planning Agency*,
  322 F.3d 1064 (9th Cir. 2003) ................................................. 8, 9, 10

v

*Taylor v. Sturgell,*
    553 U.S. 880 (2008) ........................................................................... 11

*U.S. Cold Storage v. Great W. Sav. & Loan,*
    165 Cal. App. 3d 1214 (1985).............................................................. 15

*Velez v. Bank of New York Mellon,*
    2011 WL 572523 (D. Haw. Feb. 15, 2011) ......................................... 16

*Vess v. Ciba-Geigy, Inc.,*
    317 F.3d 1097 (9th Cir. 1997) ............................................................. 18

*Wagner v. Benson,*
    101 Cal. App. 3d 27 (1980) ................................................................. 17

*Western Radio Servs. v. Glickman,*
    123 F.3d 1189 (9th Cir. 1997) ........................................................ 8, 10

*Wolf v. Fed. Nat'l Mortg. Ass'n,*
    512 F. App'x 336 (4th Cir. 2013) ........................................................ 13

*Wolf v. Wells Fargo Bank,*
    2011 WL 4831208 (N.D. Cal. Oct. 12, 2011) ..................................... 19

*Wong v. Am. Servicing,*
    2009 WL 5113516 (E.D. Cal. Dec. 18, 2009) ..................................... 17

**STATUTES**

15 U.S.C. 1601 ............................................................................................ 22

15 U.S.C. 1640(e) ....................................................................................... 23

CAL. BUS. & PROF. CODE § 17200 .......................................................... 23, 24

CAL. BUS. & PROF. CODE § 17204 ............................................................... 23

CAL. CIV. CODE § 2924(a)(1) ...................................................................... 21

CAL. CIV. CODE § 2924b(b)(4) .................................................................... 22

CAL. CIV. CODE § 2934(a) ...................................................................... 21, 22

CAL. CIV. CODE § 2934a(d) ......................................................................... 22

California Civil Code § 2934(a)(1)(A) ................................................... passim

**OTHER AUTHORITIES**

FED. R. CIV. P. 9 ................................................................................................ 3, 17, 18, 24

FED. R. CIV. P. 12(b)(6) ............................................................................................... 1

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on November 20, 2013 at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, 17th Floor of the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants CitiMortgage, Inc., Citi Residential Lending, Inc., CR Title Services, Inc., (collectively "Citi") and Mortgage Electronic Registration Systems, Inc. ("MERS") (MERS and Citi collectively referred to as "Defendants") will move to dismiss the First Amended Complaint ("FAC") under FED. R. CIV. P. 12(b)(6).

This motion is supported by the Memorandum of Points and Authorities below, the Request for Judicial Notice and Declaration of Steven E. Rich, the records on file in this action, and any oral argument that may be presented at the hearing on this motion. Defendants respectfully request that the Court dismiss the FAC with prejudice and without leave to amend.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

After defaulting on his mortgage loan, Plaintiff Obed Apostol brought suit in state court against Citibank, CitiMortgage, and others. The defendants removed the case to the U.S. District Court for the Central District of California ("Central District Case"). Apostol sought, *inter alia*, damages arising out of his loan default and ensuing foreclosure. After three attempts by Apostol to plead his claims, Judge Philip S. Gutierrez dismissed his Second Amended Complaint with prejudice on March 28, 2013. Rich Decl. Ex. 1. Plaintiff did not appeal. Instead, he brought yet another lawsuit in a different district regarding the same mortgage loan and foreclosure, and he is now on his second complaint here—altogether, his *fifth* bite at the litigation apple. The earlier Central District suit—which Apostol does not mention in either complaint in this Court—bars this action under the doctrine of res judicata.

Furthermore, as demonstrated below, each claim alleged here has been rejected by California state and federal courts. All of Apostol's claims are based on a single theory: that the purportedly fraudulent and/or invalid assignments of his deed of trust ("DOT"), ultimately to

CitiMortgage, allegedly breached the Pooling and Services Agreement ("PSA") governing the trust that pooled and securitized mortgage loans, including Apostol's loan. The purported flaws in the assignment process, Apostol contends, mean that he is entitled to a free house even though he is *not* suing the property's current owner here: "Plaintiff contends that his mortgage loan has become unsecured and that, consequently, no real party in interest exists with the power to collect Plaintiff's mortgage payments or to exercise the power of sale under the Deed of Trust." FAC ¶ 1. Apostol's theory is baseless. As many courts have held, a borrower cannot maintain claims based on alleged flaws in the assignment of a PSA, because he is not a party to, or a beneficiary of, the PSA.

In addition, Apostol's individual claims fail to state a claim on which relief may be granted, and the flaws cannot be cured. The First Cause of Action alleges wrongful foreclosure, but Apostol does not allege any harm resulting from the purported technical defects in the foreclosure process—rather, his home was foreclosed upon because he defaulted on his loan. The Second Cause of Action (constructive fraud) fails because (1) Apostol does not allege a fiduciary duty, as required; (2) the allegations lack the specificity required for constructive fraud claims; (3) Apostol does not allege reliance on any purported misrepresentations; and (4) the alleged misrepresentations did not cause the alleged loss. Again, the purported damages were caused by his default and the ensuing foreclosure.

The Third Cause of Action, seeking to quiet title, fails because Apostol has not sued the property's current owner and has not alleged tender. The Fourth Cause of Action, alleging "failure to comply with conditions precedent" to the DOT, fails because the FAC alleges no factual basis for such relief. The Fifth Cause of Action alleging violation of California Civil Code § 2934(a)(1)(A) fails because there is a properly recorded substitution of trustee. The Sixth Cause of Action for violation of TILA is time-barred and insufficiently pled. The Seventh of Action, alleging a violation of California's Unfair Competition Law, fails because Apostol lacks standing and alleges no proscribed conduct.

The FAC's defects are fatal and cannot be cured by good faith amendment. Apostol had

1    three opportunities in the Central District to allege a viable claim concerning his foreclosure,

2    failed each time, did not appeal, and now fails again here in his second attempt to state a claim in

3    this District. Accordingly, Defendants respectfully request that their motion to dismiss be granted

4    in its entirety, without leave to amend.

## II. STATEMENT OF ISSUES

6    • Whether Apostol's entire lawsuit is barred by res judicata;

7    • Whether Apostol has standing to challenge the assignments of the DOT or the PSA;

8    • Whether the wrongful foreclosure claim should be dismissed because it does not allege

9    tender or harm from the foreclosure process;

10    • Whether the constructive fraud allegations state a plausible claim and satisfy FED. R. CIV.

11    P. 9(b)'s mandate to plead fraud with particularity;

12    • Whether Apostol's failure to sue the property's owner and tender the amount of his debt

13    forecloses his claim for quiet title;

14    • Whether Apostol has alleged any facts showing that the Defendants have not complied

15    with conditions precedent to the DOT;

16    • Whether the properly recorded substitution of trustee precludes the claim for violation of

17    California Civil Code § 2934(a)(1)(A);

18    • Whether the TILA claim is time-barred and insufficiently pled; and

19    • Whether the claim for violation of California's Unfair Competition Law fails because

20    Apostol lacks standing and does not allege any proscribed conduct.

## III. FACTUAL BACKGROUND[1]

22    **A.      Plaintiff's Loan.**

23    In October 2006, Plaintiff Obed Apostol bought property in Gilroy, California (the

24    ---

[1] For purposes of this motion, Citi treats the FAC's factual allegations as true, except if they are inconsistent with the note, deed of trust, assignments of the deed of trust, and the PSA, which are attached to the FAC and are also judicially noticeable. *See Gamble v. GMAC Mortg.*, 2009 WL 400359, *3 (N.D. Cal. Feb. 18, 2009) ("Where an exhibit to a pleading is inconsistent with the pleading, the exhibit controls"); *Dye v. First Source Funding*, 2013 WL 1907737, *3 (N.D. Cal. May 7, 2013) (judicial notice of DOT and other loan documents). However, Citi expressly denies all of Apostol's claims and denies the legal conclusions pled in the FAC.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

1   "Property") and executed a Deed of Trust ("DOT") and a Promissory Note ("Note") securing a

2   $460,000 mortgage loan with Argent Mortgage Company; Citi Residential acquired Argent in

3   September 2007. FAC ¶¶ 17, 28; *id.* Ex. A (DOT). The DOT signed by Apostol states that "[t]he

4   Note or a partial interest in the Note (together with this Security Instrument) can be sold one or

5   more times without prior notice to Borrower." *Id.* Ex. A ¶ 20. The DOT also states that the

6   "Lender, at its option, may from time to time appoint a successor trustee." *Id.* ¶ 24. The original

7   trustee listed on the DOT was Town and Country Title Services. *Id.* at 2. At all times relevant,

8   CitiMortgage was the loan servicer. FAC ¶ 28. The DOT was recorded in November 2006. *Id.*

9   According to the FAC, Apostol's loan was allegedly securitized into a trust, which was

10   purportedly created by a Pooling and Services Agreement ("PSA"). FAC ¶¶ 30-32; *see also* Rich

11   Decl. Ex. 2 (PSA). The only parties to the PSA are Citigroup Mortgage Loan Trust Inc. (as

12   Depositor); Ocwen Loan Servicing, LLC, GMAC Mortgage, LLC, and Countrywide Home

13   Loans Servicing LP (as Servicers); Wells Fargo Bank, N.A. (as Master Servicer and as Trust

14   Administrator), and U.S. Bank National Association (as Trustee). *See id.* at 1.

15   Citi Residential (Argent Mortgage's successor) assigned the DOT to MERS in January

16   2009; the assignment was recorded in March 2009. FAC Ex. B. In March 2011, MERS executed

17   an Assignment of Deed of Trust to CitiMortgage, and CitiMortgage executed a Substitution of

18   Trustee, replacing Town and Country Services, the original Trustee, with CR Title Services.

19   FAC Exs. C, D. All of these documents were recorded in March 2011. *Id.*

20   Apostol defaulted on his loan (FAC Ex. E), and the Property was subsequently foreclosed

21   upon.[2] CR Title Services, the Trustee, executed and recorded the Notice of Default (*id.*) in March

22   2011, and also executed and recorded two subsequent Notices of Trustee's Sale (FAC Exs. F, G)

23   in July 2011 and April 2012, respectively. After the Trustee's Sale, CR Title Services executed

24   and recorded the Trustee's Deed Upon Sale in May 2012; that deed granted and conveyed the

25   property to Turn Key Asset Inc. FAC Ex. H. Apostol has not sued Turn Key Asset here.

---

26   [2]   In the Central District Case, Apostol admitted: "Plaintiff was in default...." Rich Decl. Ex. 3 ¶
16 (Apostol's C.D. Cal. SAC). He is bound by admissions in an earlier complaint. *E.g.,*
27   *Poindexter v. EMI Record Group*, 2012 WL 1027639, *2 (S.D.N.Y. Mar. 27, 2012).

28
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

**B.      Plaintiff's Central District Case.**

Thirteen plaintiffs, including Apostol, originally sued Citibank in state court in February 2012. Rich Decl. Ex. 5. After timely removal to the Central District, the plaintiffs filed a First Amended Complaint ("FAC"), adding CitiMortgage, ABN AMRO Mortgage Group[3], and others as defendants. Rich Decl. Ex. 4. After the court dismissed all plaintiffs except Apostol for improper joinder, Apostol filed a Second Amended Complaint ("SAC") against Citibank and CitiMortgage. Rich Decl. Ex. 3. The Citi defendants moved to dismiss, and Judge Gutierrez dismissed the SAC with prejudice on March 28, 2013. Rich Decl. Ex. 1. Apostol did not appeal the dismissal. All of Apostol's Central District complaints involved the same Property in Gilroy, California that is the subject of this case. *See* Rich Decl. Ex. 3 ¶ 2; Rich Decl. Ex. 4 ¶ 18; Rich Decl. Ex. 5 ¶ 18.

In the Central District Case, Apostol's allegations included the following against Citi:

• A claim for "Invalid Assignment" because of alleged "substantive and procedural defects in relation to the purported assignment of ownership of the loan from the originating lenders to the residential mortgage back securities trusts." Rich Decl. Ex. 4 ¶ 145.

• A claim for "Mistake," for which Apostol sought an order "rescinding the Loan and/or declaring the Loan void, invalid, and unenforceable" because he allegedly was "not notified of the transfer[]" of his "loan[] into trusts." *Id.* ¶¶ 225, 223; *accord* Rich Decl. Ex. 5 ¶ 103.

• A claim for "Privity of Contract" alleging that "CITIBANK has no right to enforce" the loan documents because it "cannot demonstrate a proper endorsement or show an assignment of the right to enforce." Rich Decl. Ex. 5 ¶¶ 64-65. Apostol asked the court to determine whether "the requisite formalities of transfer and endorsement have been followed for enforcement of the note." *Id.* ¶ 68(b)(1).

• Citi allegedly initiated foreclosure proceedings without "ensuring that either the promissory note or the mortgage document were properly endorsed or assigned." Rich Decl. Ex. 4 ¶ 118.

---

[3]  CitiMortgage is successor-in-interest to ABN AMRO Mortgage Group by reason of merger.

- A claim under the federal Real Estate Settlement Procedures Act for alleged "[f]ailure to disclose whether servicing of the loan may be assigned sold or transferred," alleged "[f]ailure to notify the borrower in writing of the assignment" before the transfer, and alleged "[f]ailure of transferee of servicing to provide notice" after the transfer. Rich Decl. Ex. 3 ¶ 85.

- All of this allegedly caused Apostol to lose his Property to foreclosure and suffer "severe...emotional distress," damage to his credit, and loss of the opportunity to modify his loan. Rich Decl. Ex. 4 ¶¶ 22-23; *accord* Rich Decl. Ex. 5 ¶ 123; Rich Decl. Ex. 3 ¶¶ 6, 16, 24.[4]

**C.    The Instant Action.**

Apostol filed this case on April 30, 2013, just over a month after his Central District Case was dismissed with prejudice, but his original Complaint did not mention the dismissed Central District Case. After Defendants moved to dismiss, Apostol filed the FAC. The FAC, which also does not mention the Central District Case, alleges claims for: (I) wrongful foreclosure; (II) constructive fraud; (III) quiet title; (IV) violation of conditions precedent of the deed of trust; (V) violation of California Civil Code § 2934(a)(1)(A); (VI) violation of the Truth-in-Lending Act; and (VII) violation of California's Unfair Competition Law. As in the Central District Case, the FAC here alleges, *inter alia*:

- There were purportedly "invalid Assignments" of the Deed of Trust and promissory note because of alleged "defects" in the assignments from the original lender to the mortgage-backed securities trust. FAC ¶¶ 8-13, 45, 57, 60, 75 & p. 49 ¶ 2.

- Apostol's loan is allegedly unenforceable because of purported defects in transferring his loan into the trust, including that he was "never informed by the lender" of the transfer. FAC ¶¶ 1, 84, 92, 96.

- None of the defendants purportedly "hav[e] the power to enforce," or have "any legal rights in," the loan documents, allegedly because "there was never any proper legal assignment" of those documents. FAC ¶ 1 & p. 49 ¶¶ 3-4; *see also, e.g., id.* ¶¶ 2-14.

---

[4]    The Central District Case also included allegations about Apostol's purported attempt to modify his loan. *See* Rich Decl. Ex. 1.

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

1    • The foreclosure proceedings were purportedly "wrongful" and "illegal" because there

2 was no "proper legal assignment" of the promissory note and Deed of Trust. FAC ¶¶ 14, 51 & p.

3 49 ¶¶ 3, 5.

4    • The defendants allegedly violated "federal laws by failing to notify Plaintiff of their

5 rights under RESPA" (the Real Estate Settlement Procedures Act). FAC ¶ 133; accord *id.* ¶ 134.

6    • As a result of the Defendants' alleged conduct, Apostol lost his Property to foreclosure

7 and purportedly suffered "severe emotional distress," damage to his credit, and lost the

8 opportunity to modify his loan. FAC ¶¶ 1, 51, 104, 107, 115.

9    For the reasons explained below, the FAC does not state any plausible claims.

10 ## IV. ARGUMENT

11    To survive a motion to dismiss, a complaint must provide "fair notice of what the …

12 claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

13 (2007), and "must contain sufficient factual matter" to state a "'plausible'" claim for relief,

14 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility" only "when the

15 plaintiff pleads factual content that allows the court to draw the reasonable inference that the

16 defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a

17 cause of action, supported by mere conclusory statements, do not suffice." *Id.* Courts insist upon

18 "'specificity in pleading'" "to avoid the potentially enormous expense of discovery in cases with

19 no 'reasonably founded hope'" of success. *Twombly*, 550 U.S. at 558-59.

20    A motion to dismiss may be granted without leave to amend. *Steckman v. Hart Brewing*,

21 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to

22 amend their pleadings, it does not extend to cases in which any amendment would be an exercise

23 in futility … or where the amended complaint would also be subject to dismissal."). In

24 determining whether to grant leave to amend, courts consider factors such as "bad faith, dilatory

25 motive, repeated failure to cure deficiencies by previous amendments, … and futility of the

26 proposed amendment," all of which are present here. *Moore v. Kayport Package Express*, 885

27 F.2d 531, 538 (9th Cir. 1989). The defects in the FAC cannot be cured and—particularly in light

28

1    of Apostol's prior opportunities to plead a claim against Citi and the dismissal with prejudice in

2    the Central District of California—the FAC should be dismissed without leave to amend.

3    **A.    Plaintiff's Claims Are Barred By Res Judicata.**

4          There is an insurmountable problem with Apostol's claims: Judge Gutierrez dismissed

5    with prejudice the Central District Case, which was based upon the same nucleus of facts. Res

6    judicata "bars litigation in a subsequent action of any claims that were raised or could have been

7    raised in the prior action." *Western Radio Servs. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.

8    1997). The doctrine "'is meant to protect parties against being harassed by repetitive actions'"

9    and "'preserv[e] judicial economy.'" *Tahoe-Sierra Preserv. Council v. Tahoe Regional Planning

10   Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). When the prior judgment is by a federal court, res

11   judicata has three requirements: "(1) an identity of claims, (2) a final judgment on the merits, and

12   (3) identity or privity between parties." *Western Radio*, 123 F.3d at 1192.[5]

13         The "identity of claims" element does not mean, however, that the same claims have to

14   be brought in both suits. Rather, as is true here, "'[i]dentity of claims exists when two suits arise

15   from the same transactional nucleus of facts.'" *Tahoe-Sierra*, 322 F.3d at 1078. Thus, "[n]ewly

16   articulated claims based on the same nucleus of facts may still be subject to a res judicata finding

17   if the claims *could have been brought* in the earlier action." *Id.* (emphasis added). And "attaching

18   a different legal label to an issue" in a second lawsuit will not avoid res judicata. *Id.* at 1077.

19   Moreover, "'[i]t is immaterial whether the claims asserted subsequent to the judgment were

20   actually pursued'"—"'the relevant inquiry is whether they could have been brought.'" *Id.* at

21   1078. *See also Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993)

22   ("res judicata bars not only all claims that were actually litigated, but also all claims that could

23   have been asserted in the prior action"); *Eng v. Washington Mut. Bank*, 2013 WL 622363, *2-3

24   (N.D. Cal. Feb. 14, 2013) (holding that complaint for wrongful foreclosure and to quiet title is

---

25   [5]   The elements under California law are similar but not identical. *See Callan v. Experian Info.

26   Solutions*, 2013 WL 3369149, *4-5 (N.D. Cal. July 5, 2013); *Dancy v. Aurora Loan Svcs.*, 2011
     WL 835787, *4-6 (N.D. Cal. Mar. 4, 2011) (both applying California res judicata principles to

27   dismiss cases alleging wrongful foreclosures).

28
     NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
     POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

1    barred by res judicata, because the plaintiff's previous and current claims "are part of the same

2    transaction, are related to the same set of facts, and could have been conveniently tried together";

3    "even if the present claims as such were not alleged in the previous case, they clearly could have

4    been, and that is enough to preclude the instant action. Because res judicata would apply to any

5    action regarding the foreclosure of the … property, it would be futile to allow plaintiff to amend

6    his complaint again").

7         **1.    There Is An Identity Of Claims In This Case And The Central District Case.**

8             The first res judicata element is met because this case and the Central District Case both

9    arise out of "'the same transactional nucleus of facts,'" including those current claims to which

10   Apostol's attorney has "attach[ed] a different legal label." *Tahoe-Sierra*, 322 F.3d at 1077-78.

11   Moreover, all of the current claims and allegations "could have been brought in the earlier

12   action." *Id.* at 1078. Both this case and the Central District Case involve allegations concerning

13   the foreclosure of Apostol's property in Gilroy, California. *See* FAC p. 2; Rich Decl. Ex. 3 ¶ 2;

14   Rich Decl. Ex. 4 ¶ 18; Rich Decl. Ex. 5 ¶ 18. Moreover, in the Central District Case, Apostol

15   alleged that there were defects in the assignments of his loan documents that made the

16   assignments invalid; that Citi had no right to enforce the loan documents; that his loan should be

17   declared invalid and unenforceable; that Citi had not properly notified him about the

18   assignments; that the foreclosure proceedings were improper because of purportedly defective

19   assignments of loan documents; and that Citi had thus purportedly caused Apostol to lose his

20   property and to suffer emotional distress, harm to his credit, and loss of the opportunity to

21   modify his loan. *See* pp. 5-7, *supra*. The same allegations exist here. *See, e.g.*, FAC ¶¶ 1, 14, 51,

22   92-93, 96, 104, 113, 119, 134, 138, 141, 158.

23             Because the claims and allegations here arise out of "'the same transactional nucleus of

24   facts'" and "could have been brought" in the Central District Case, they are barred by res

25   judicata. *Tahoe-Sierra*, 322 F.3d at 1078. Indeed, the fact that many of the same allegations in

26   the FAC were also made in the Central District Case makes it clear that the identity of claims

27   element is satisfied here. *See Tahoe-Sierra*, 322 F.3d at 1078-81.

28
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

2.      **The Central District Case Ended In A Final Judgment On The Merits.**

The second requirement for res judicata is that the earlier action ended in "a final judgment on the merits." *Western Radio*, 123 F.3d at 1192. Judge Gutierrez dismissed the Central District Case with prejudice and without leave to amend on March 28, 2013. Rich Decl. Ex. 1 at 5-6. That satisfies the second res judicata element. "The dismissal of the action with prejudice constitutes a final judgment on the merits." *Int'l Union of Operating Eng'rs*, 994 F.2d at 1429 (holding that claims are barred by res judicata).

3.      **There Is An Identity Or Privity Between Parties.**

The third requirement for res judicata is "identity or privity between parties." *Western Radio*, 123 F.3d at 1192. The Ninth Circuit has "made clear…that privity is a flexible concept dependent on the particular relationship between the parties." *Tahoe-Sierra*, 322 F.3d at 1081. "[P]rivity may exist if 'there is a substantial identity' between parties, that is, when there is sufficient commonality of interest." *Id.*

There is no question that identity exists with respect to Apostol and CitiMortgage: both were parties in the Central District Case and are parties here. As for the remaining Citi defendants—Citi Residential and CR Title Services—there is a "substantial identity" between them and their sister company, CitiMortgage, which meets the privity test under *Tahoe-Sierra*. *See* FAC ¶¶ 16 (CitiMortgage is a "subsidiary company of CITIGROUP"); 17 (Citi Residential is a "controlled company and subsidiary of CITIGROUP"), 18 (CR Title Services is "another subsidiary and controlled company of CITIGROUP"); *see also Stratosphere Litig. v. Grand Casinos*, 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002) ("Privity between parties exists when a party is 'so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'").

As for MERS, the other defendant bringing this motion, recorded documents show that Citi Residential assigned the DOT to MERS in January 2009, and MERS transferred the DOT to CitiMortgage in March 2011. FAC Exs. B, C. CitiMortgage then substituted CR Title Services as Trustee for the same DOT (FAC Ex. D), and CR Title Services (with CitiMortgage as servicer)

10

recorded the Notice of Default (FAC Ex. E), Notice of Trustee's Sale (FAC Exs. F, G), and Trustee's Deed Upon Sale (FAC Ex. H). Because of these assignments, as well as the relationship between the DOT and the loan at issue, there is privity among MERS, the "new" Citi defendants, and CitiMortgage. *See Chavez v. Washington Mut. Bank*, 2013 WL 2450128, *5-6 (N.D. Cal. June 5, 2013) (finding privity where new defendants were in the same "chain of title" as the previous defendants and thus shared "common interests"); *see also Taylor v. Sturgell*, 553 U.S. 880, 881 (2008) ("[N]onparty preclusion may be based on a pre-existing substantive legal relationship between the person to be bound and a party to the judgment, e.g., assignee and assignor"); *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) ("a non-party who has succeeded to a party's interest in property is bound by any prior judgment against the party").

Accordingly, there is identity or privity between the parties in the Central District Case and the parties here. All of the elements of res judicata are thus met. Apostol's FAC, therefore, should be dismissed with prejudice.

**B.    Plaintiff Lacks Standing To Challenge The Assignments Or The PSA.**

Even if this suit were not barred by res judicata, the claims alleged in the FAC all fail because Apostol lacks standing. His theory of the case is that, as a result of purportedly "fraudulent mortgage assignment(s) [and] foreclosure documents" as well as alleged "breaches" of the PSA, none of the Defendants "is a beneficiary or real party in interest under Plaintiff's [DOT] having the power to enforce the accompanying note." FAC ¶ 1. As a result, he asserts, he is entitled to a free house: the "mortgage loan has become unsecured," and "no real party in interest exists with the power to collect Plaintiff's mortgage payments or to exercise the power of sale under the Deed of Trust." FAC ¶ 1. *See also id.* ¶ 14 (asking to "unwind the wrongful foreclosure," quiet title in his name, and order the return of past mortgage payments) & p. 49 ¶ 2 (seeking judgment "that Plaintiff is the sole rightful holder of rights and title" to the property). All of Apostol's claims stem from his challenge to the validity of the assignments of the DOT and the Note as well as the Substitution of Trustee and are based on allegations that a purported delay in transferring and assigning his loan in the securitization process "effectively and

1   irreversibly broke the chain of title of the property" (*id.* ¶ 10), which allegedly nullified later

2   assignments of the mortgage. *Id.* ¶ 13. *See also id.* ¶¶ 53-61, 75, 77, 90-96.

3          Apostol's attempt to get a free house is implausible: Having defaulted on a $460,000

4   loan, he now claims that because of alleged errors in the paperwork he not only should receive

5   title to the property free and clear (without having joined the current owner in this case) and have

6   no obligation to make future mortgage payments, but he is also entitled to recover his *past*

7   mortgage payments. This is not legally supportable.

8          More fundamentally, Apostol does not have standing to assert the claims alleged here.

9   Because he is not a party to either the PSA or the assignments, he does not have any standing to

10  assert alleged non-compliance with the PSA or to challenge the assignments. *See, e.g., Super 7*

11  *Motel v. Wang*, 16 Cal. App. 4th 541, 547 (1993) (a plaintiff who is not a party to an agreement

12  lacks standing to enforce that agreement). Plaintiff does not allege—nor could he—that he is a

13  party to, or a beneficiary of, the PSA, and thus he has no right to challenge the validity of the

14  securitization of his loan under it. *Bascos v. Federal Home Loan Mortg. Corp.*, 2011 WL

15  3157063, *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of

16  his loan because Freddie Mac failed to comply with the terms of its securitization agreement,

17  Plaintiff has no standing...as he is not an investor of the loan trust"); *In re Macklin*, 2011 WL

18  2015520, *7 (Bankr. E.D. Cal. May 19, 2011) (argument that assignment was invalid because of

19  failure to comply with securitization agreement "misses the mark...since [plaintiff] is attempting

20  to assert compliance with contractual provisions for which he has no right or interest"). Within

21  the Ninth Circuit, "the majority position is that plaintiffs lack standing to challenge

22  noncompliance with a PSA in securitization unless they are parties to the PSA or third party

23  beneficiaries of the PSA." *Shkolnikov v. JPMorgan Chase Bank*, 2012 WL 6553988, at *13

24  (N.D. Cal. Dec. 14, 2012) (citing *Aniel v. GMAC Mortg.*, 2012 WL 5389706, at *4 (N.D. Cal.

25  Nov. 2, 2012)) (collecting cases). *See also Maynard v. Wells Fargo Bank*, 2013 WL 4883202,

26  *10 (S.D. Cal. Sept. 11, 2013) ("as many courts have already held, Plaintiffs lack standing to

27  challenge the validity of the securitization of the Loan"); *Flores v. GMAC Mortg.*, 2013 WL

28

---

12

2049388, *3 (N.D. Cal. May 14, 2013) (dismissing claims brought by Apostol's counsel and holding that "plaintiffs are third party borrowers who lack standing" to assert that an assignment was invalid because the defendants could not "establish an unbroken chain of transfers and deliveries" as purportedly required by the PSA).[6]

Moreover, Apostol's allegation that parties to the PSA purportedly failed to comply with its procedures is irrelevant. *See Aniel*, 2012 WL 5389706, *4; *Almutarreb v. Bank of New York Trust*, 2012 WL 4371410, *2 (N.D. Cal. Sept. 24, 2012) (holding that because plaintiffs were neither parties nor third party beneficiaries to the PSA, they lacked standing to challenge whether the loan transfer occurred outside the temporal bounds described in the PSA); *Sami v. Wells Fargo Bank*, 2012 WL 967051, *5-6 (N.D. Cal. March 21, 2012) (because the plaintiff lacked standing, the court rejected the claim "that Wells Fargo failed to transfer or assign the note or Deed of Trust to the Securitized Trust by the 'closing date,' and that therefore, 'under the PSA, any alleged assignment beyond the specified closing date' is void").

Apostol does not and cannot allege that the PSA changed his rights and obligations under the DOT or the Note. *See Citibank v. Wilbern*, 2013 WL 1283802, *5 (N.D. Ill. Mar. 26, 2013) ("even if the assignments violated a trust servicing agreement, the [debtor's] obligations under the note and mortgage [would be] unaffected"). Nothing in California's non-judicial foreclosure statutes gives borrowers a right to challenge a sale of a Note—which is the exercise of a power that Apostol expressly granted to his lender (FAC Ex. A ¶ 20)—or requires the buyer to prove that the sale was valid to the borrower's satisfaction. As long as the buyer and seller agree that the sale was valid (and Apostol alleges nothing to the contrary), that is sufficient. Courts in California and around the country have held that an alleged failure to comply with a PSA does not affect the validity of an assignment of a deed of trust. *Sipe v. Countrywide Bank*, 2010 WL

---

[6]   The majority rule of no-standing within this Circuit is also the majority rule elsewhere. *E.g., Karnatcheva v. JPMorgan Chase Bank*, 704 F.3d 545, 547 (8th Cir. 2013); *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013); *Rajamin v. Deutsche Bank Nat. Trust*, 2013 WL 1285160, *3 (S.D.N.Y. Mar. 28, 2013). The minority position is illustrated by cases such as *Livonia Props. Holdings v. 12840-12976 Farmington Road Holdings*, 399 F. App'x 97, 102 (6th Cir. 2010), and *Glaski v. Bank of America*, 218 Cal. App. 4th 1079, 1098 (2013).

1   2773253, *13-14 (E.D. Cal. July 13, 2010) (dismissing claims based on allegations that

2   assignment was invalid); *In re Walker*, 466 B.R. 271, 284-85 & nn.28-29 (Bankr. E.D. Pa. 2012)

3   (citing many cases for the "judicial consensus...that a borrower lacks standing to...request a

4   judicial determination that a loan assignment is invalid due to noncompliance with a [PSA]").

5           Furthermore, Apostol's allegations regarding purported breaches of the PSA are

6   irrelevant to his alleged harm: the foreclosure. *Arabia v. BAC Home Loans Serv.*, 208 Cal. App.

7   4th 462, 473 (2012), explained why a debtor's allegations concerning a lender's breach of a PSA

8   simply do not matter: "Arabia obtained a mortgage loan secured by a deed of trust recorded

9   against the property. If Arabia failed to make his payments, he faced the possibility of

10  foreclosure." *Id.* This is what happened here, and as *Arabia* held, "[t]here is no dispute that

11  Arabia has failed to make his payments on the First Loan and is subject to foreclosure. Whether

12  BAC has breached an agreement with BONY does not alter these undisputed facts or the

13  consequence arising out of Arabia's failure to repay the First Loan." *Id.*

14          For these reasons, Apostol's attempt to question the assignment documents and assert

15  non-compliance with the PSA fails as a matter of law. As a result, the FAC should be dismissed.

16  **C.      The FAC Fails To State Any Claim On Which Relief Could Be Granted.**

17          Even apart from the fatal flaws that Apostol's claims are barred by res judicata and he

18  lacks standing to bring them, all of his claims suffer from additional, independently dispositive

19  fundamental defects of their own, which require dismissal of the FAC in its entirety.

20          **1.      The Wrongful Foreclosure Allegations Fail To State A Claim.**

21          The First Cause of Action (alleging wrongful foreclosure) fails to state a claim. Wrongful

22  foreclosure is an action in equity in which the mortgagor or trustor seeks to unwind an "illegal,

23  fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage

24  or deed of trust"—or to prevent such a sale from occurring. *Permito v. Wells Fargo Bank*, 2012

25  WL 1380322, *3 (N.D. Cal. Apr. 20, 2012) (quoting *Lona v. Citibank*, 202 Cal. App. 4th 89, 104

26  (2011)). "Irregularities in a nonjudicial foreclosure sale may be grounds for setting it aside only

27  if they are prejudicial to the party challenging the sale. Accordingly, the party attacking the sale

28

                                                    14
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

1   must allege that [he] was prejudiced or harmed by the violation of the foreclosure statute."

2   *Permito*, 2012 1380322, at *6. Finally, "in order to set aside a foreclosure, Plaintiff must allege

3   that [he] offered to tender the full amount of the secured indebtedness or that [he] was excused

4   from tendering. *Id.* at *7.

5         As a preliminary matter, Apostol has not alleged tender or the ability to tender. Under

6   California law, a plaintiff challenging a foreclosure sale under "*any cause of action*" is "required

7   to allege tender of the secured indebtedness." *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th

8   1101, 1109 (1996) (emphasis added; dismissing for failure to allege tender); *accord U.S. Cold*

9   *Storage v. Great W. Sav. & Loan*, 165 Cal. App. 3d 1214, 1222 (1985). Thus, tender is a

10  condition precedent to challenging a foreclosure sale. *Lopez v. Chase Home Finance*, 2009 WL

11  1120318, *3 (E.D. Cal. Apr. 24, 2009). Because Apostol has not tendered the full amount owed

12  on his loan and does not allege an unconditional tender in the FAC, he is not entitled to challenge

13  the foreclosure sale, nor is he entitled to equitable relief in the form of an order declaring the

14  loan-related documents and/or foreclosure void, invalid, and unenforceable.[7]

15        In addition, Apostol has not alleged prejudice or harm arising from the so-called

16  wrongful foreclosure. He merely claims that purportedly "fraudulent and invalid" assignment,

17  default, and foreclosure sale documents "prejudicially harmed" him, because "Defendants that

18  were neither the true beneficiary, nor agents of the true beneficiary, foreclosed on and

19  subsequently sold Plaintiff's home." FAC ¶ 96. The foreclosure on the Property was not the

20  result of the assignment, however; it resulted from Apostol's default (FAC Ex. E; Rich Decl. Ex.

21  3 ¶ 16 (C.D. Cal. SAC)) on his loan payment obligations. Apostol's failure to pay his loan is not

22  "prejudice or harm" caused by the Defendants. Moreover, "wrongful foreclosure claims…

23  typically…are premised on allegations that the borrower was not in default." *Cervantes v.*

24  *Countrywide Home Loans*, 656 F.3d 1034, 1043 (9th Cir. 2011). The law is clear:

---

25  [7] Apostol's conclusory theory that "securitization" of his note allegedly invalidated it, making
    the tender rule inapplicable (FAC ¶¶ 59, 92, 100-04), has been rejected. *Morgan v. Aurora Loan*
26  *Servs.*, 2013 WL 3448552, *6-7 (C.D. Cal. July 9, 2013); *McGough v. Wells Fargo Bank*, 2012
    WL 2277931, *4 (N.D. Cal. June 18, 2012) (discussing cases and stating that "[t]heories that
27  securitization undermines the lender's right to foreclose…have been rejected by the courts").

28

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

> An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

*Roque v. Suntrust Mortg.*, 2010 WL 546896, *3 (N.D. Cal. Feb. 10, 2010). Thus, "[w]ithout alleging [his] own performance under the Deed of Trust such that no entity was entitled to foreclose, Plaintiff is unable to raise a wrongful foreclosure claim." *Permito*, 2012 WL 1380322, *6. Apostol, however, was in default, and thus foreclosure was not "wrongful." *Fontenot v. Wells Fargo Bank*, 198 Cal. App. 4th 256, 272 (2011) (affirming dismissal of wrongful foreclosure claim because plaintiff "concedes she was in default" and did not adequately allege that any "imperfection in the foreclosure process was prejudicial" to plaintiff's ability to make her loan payments); *Dick v. American Home Mortg.*, 2013 WL 5299180, *3 (E.D. Cal. Sept. 18, 2013) (wrongful foreclosure claim dismissed because borrowers were in default and allegedly improper assignment did not affect their ability to pay their loan obligations).

Apostol also contends that because his Note was securitized, the deed of trust could not be assigned. This contention is without merit, and "[c]ourts have consistently rejected this theory." *Flores*, 2013 WL 2049388, *2; *see also Boyter v. Wells Fargo Bank*, 2012 WL 1144281, *4-6 (N.D. Cal. Apr. 4, 2012) (rejecting theory of invalid assignment of DOT due to securitization of the promissory note in dismissing wrongful foreclosure claim brought by Apostol's counsel); *Velez v. Bank of New York Mellon*, 2011 WL 572523, *4 (D. Haw. Feb. 15, 2011) ("The court also rejects Plaintiff's contention that securitization in general somehow gives rise to a cause of action—Plaintiff points to no law or provision in the mortgage preventing this practice, and otherwise cites no law supporting that securitization can be the basis of a cause of action."); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts").

**2.   Plaintiff's Claim For Constructive Fraud Should Be Dismissed.**

The alleged constructive fraud claim (Second Cause of Action) is based on the theory that Defendants allegedly "willfully and fraudulently assigned" Apostol's DOT in January 2009 and

16

1    in March 2011. FAC ¶ 108. This claim fails as a matter of law. To state a claim for constructive

2    fraud under California law, a party must allege: (1) a fiduciary relationship; (2) an act, omission,

3    or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage.

4    *Assilzadeh v. California Fed. Bank*, 82 Cal. App. 4th 399, 415 (2000). Constructive fraud claims

5    "must be 'specific enough to give defendants notice of the particular misconduct' averred, and

6    they 'must be accompanied by the who, what, when, where, and how of the misconduct

7    charged.'" *Steele v. First Magnus Fin.*, 2013 WL 4039976, *4 (N.D. Cal. Aug. 7, 2013) (quoting

8    *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)). Moreover, FED. R. CIV. P. 9(b),

9    which applies to constructive fraud claims, *Steele*, 2013 WL 4039976, at *4, "does not allow a

10   complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate

11   their allegations when suing more than one defendant ... and inform each defendant separately of

12   the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476

13   F.3d 756, 764-765 (9th Cir. 2007).

14        Apostol does not allege that the Defendants owed him a fiduciary duty. Indeed, in the

15   context of a residential loan transaction, "[a]bsent special circumstances...a loan transaction is at

16   arm's length and there is no fiduciary relationship between the borrower and lender." *Perlas v.*

17   *GMAC Mortg.*, 187 Cal. App. 4th 429, 436 (2010). "A commercial lender pursues its own

18   economic interests in lending money" and "'owes no duty of care to the borrowers in approving

19   their loan.'" *Id.* (quoting *Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980)). Accordingly, a

20   financial institution generally owes no duty of care to a borrower where the institution's

21   involvement in the transaction does not exceed the scope of its role as a mere lender of money.

22   *Nymark v. Heart Federal Sav. & Loan*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Spencer v.*

23   *DHI Mortg.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("The lender's efforts to determine the

24   creditworthiness and ability to repay by a borrower are for the lender's protection, not the

25   borrower's."). In addition, loan servicers do not owe a duty of care to borrowers. *Wong v. Am.*

26   *Servicing*, 2009 WL 5113516, at *6 (E.D. Cal. Dec. 18, 2009). Thus, "[t]he relationship between

27   a lending institution and its borrower-client is not fiduciary in nature." *Nymark*, 231 Cal. App. 3d

28

17

at 1093 n.1. Because Plaintiff has alleged neither a fiduciary relationship nor any "special circumstances" giving rise to such duty, the fiduciary duty element is not met, and his claim for constructive fraud fails.

In addition, the purported fraud allegations simply list the assignments and substitution documents and dates they were recorded and conclude that they purportedly were fraudulent. FAC ¶¶ 108-114. The FAC does not identify the "who, what, when, where" details of the alleged misstatements, as required under FED. R. CIV. P. 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). *See also Vess v. Ciba-Geigy, Inc.*, 317 F.3d 1097, 1107 (9th Cir. 1997) (when a claim is "grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the...claim."); *Patacsil v. Wilshire Credit*, 2010 WL 500466, *6 (E.D. Cal. Feb. 8, 2010) (where complaint did not "specifically allege what was false or misleading about [the] statements and why they are false," it fell "short of the necessary pleading standard. Simply alleging that Defendant 'misrepresented' facts is insufficient.").

Furthermore, the bald allegation that "Plaintiff justifiably relied on Defendants' false representations" (FAC ¶ 115) does not adequately allege the justifiable reliance element. Without specific factual allegations showing how Apostol relied upon the representation, or how it caused him harm, there is no actionable fraud claim. *Johnson v. Washington Mut.*, 2010 WL 682456, *9 (E.D. Cal. Feb. 24, 2010) (rejecting fraud claim for failure to show how the plaintiff "relied on the representations or what damages resulted from the reliance.").

Apostol also fails to allege how he was harmed by the alleged fraud. Apostol was obligated to pay back the $460,000 loan. FAC Ex. A at 2. Even if he made payments to CitiMortgage rather than some other purported entity that was allegedly entitled to collect them, it would be that other entity who suffered the alleged "harm," not Apostol. *See Sipe v. Countrywide Bank*, 2010 WL 2773253, at *14 (E.D. Cal. July 13, 2010) ("Plaintiff agreed to make monthly payments pursuant to the terms of the promissory note and deed of trust when he obtained the loan from SPM. Whether or not CWB is legally entitled to service Plaintiff's loan

18

1   does not harm Plaintiff in the absence of allegations that Plaintiff was also making loan

2   payments to a third party."). Absent any injury or justifiable reliance, and due to the

3   insufficiently pled allegations, the constructive fraud claim fails as a matter of law.

4       **3.    The Cause Of Action For Quiet Title Fails To State A Claim.**

5       The Third Cause of Action fails on its face because Apostol has not alleged tender. The

6   purpose of a quiet title action is to establish one's title against adverse claims to real property or

7   any interest therein. *Niranjan v. Bank of America*, 2013 WL 1701602, at *3-4 (N.D. Cal. Apr.

8   18, 2013) (dismissing quiet title action brought by Apostol's counsel). As a preliminary matter,

9   the Defendants do not have and do not assert any interest in the Property, and Apostol has not

10  named Turn Key Asset, the entity to which title in the Property was transferred (FAC ¶ 160), as a

11  defendant. *See Fortaleza v. PNC Fin. Servs.*, 642 F. Supp. 2d 1012, 1023 (N.D. Cal. 2009)

12  (dismissing quiet title claim where the plaintiff "cannot allege that she is the current owner of the

13  property, that either [of the defendants] currently claims an interest to the property, or that such

14  claim of interest is without right"); *Dick*, 2013 WL 5299180, *5 (dismissing quiet title claim

15  because "Plaintiffs' property has already been sold" and the "[m]oving defendants make no

16  adverse claims to title"). Moreover, "a mortgagor of real property cannot, without paying his

17  debt, quiet his title against the mortgagee." *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707

18  (1994). As set forth above, the FAC does not allege that Apostol made or would make "an offer

19  to pay the full amount of the debt for which the property was security." *Arnolds Mgmt. v.*

20  *Eischen*, 158 Cal. App. 3d 575, 578-79 (1984). The absence of such an allegation is fatal to the

21  quiet title claim. *Wolf v. Wells Fargo Bank*, 2011 WL 4831208, *8 (N.D. Cal. Oct. 12, 2011).

22      To the extent Apostol alleges that he purportedly had no payment obligations on his loan

23  because "the lawful beneficiary has been paid in full" (FAC ¶ 124) upon securitizing the loan,

24  that claim is without merit—it would lead to the inequitable result that a borrower who has

25  defaulted on his payment obligations is awarded title to his property for free. *Anderson v. U.S.*

26  *Bank*, 2013 WL 3968028, *4 (N.D. Cal. July 31, 2013) (dismissing quiet title claim in which

27  plaintiffs "provid[ed] no indication that they have offered tender to discharge their debt or that

28

19

1   they plan to" and sought "only a declaration that they have title to the Subject Property, despite

2   the loan they admit they received and for which they offered the Subject Property as security").

3       **4.    The Allegations That Defendants Failed to Comply With Conditions**

4           **Precedent Of The Deed Of Trust Do Not State A Claim.**

5       In his Fourth Cause of Action (FAC ¶¶ 131-32), Apostol asserts two alleged violations of

6   the DOT as a purported claim for "failure to comply with conditions precedent" to the DOT,

7   namely the "Acceleration" clause (FAC Ex. A ¶ 22) and the "Reconveyance" clause (*id.* ¶ 23).

8   This is not a cause of action under California or federal law but rather revisits Apostol's

9   groundless assertion that "no Defendant has lawful standing to commence foreclosure

10  proceedings against Plaintiff." FAC ¶ 134. As previously discussed, however, Apostol's claims

11  challenging assignment of the loan and securitization are baseless.

12      In support of its allegations, Apostol cites (*id.* ¶ 133) a purported Virginia opinion

13  (*Mathews v. PHH Mortg.*) in which the court found the lender had not obtained the right to

14  accelerate payments due to its failure to comply with specific conditions precedent in the Deed

15  of Trust. Here, however, Apostol does not allege any facts supporting any alleged breach of the

16  acceleration clause. Rather, he simply asserts that "Defendants breached the conditions precedent

17  in Paragraph 22 by failing to follow clear conditions defined therein." FAC ¶ 131. This bald

18  conclusion is insufficient to state a claim that is plausible on its face. Moreover, DOT paragraph

19  22 provides for notice prior to acceleration of the loan following the borrower's breach.

20  Allegations concerning the transfer of the beneficial interest to Defendants, however, are entirely

21  unrelated to whether Apostol was given the opportunity to cure the default prior to acceleration.

22      With respect to the reconveyance clause, Paragraph 23 provides for reconveyance

23  following the payment of all sums secured by the Deed of Trust. Apostol asserts that Defendants

24  improperly "securitize[ed] the loan before the first payment is made" and purportedly "have been

25  paid in full for the security instrument many times over and seek to be further unjustly enriched

26  by stealing Plaintiff'[s] home utilizing methods that are in bold and clear violation of both state

27  and federal law." *Id.* ¶ 132. As discussed above, however, Apostol cannot escape the obligation

28

20

1    to repay the loan by asserting defendants have been paid through the securitization process.

2    Apostol's counsel attempted to bring this exact "violation of conditions precedent" claim in

3    *Steele*, 2013 WL 4039976, *4, and the court dismissed it without leave to amend. Here, too,

4    because Apostol does "not aver [he] paid the sums owed, [he] ha[s] not pleaded factual

5    circumstances that would make failure to reconvey the property a breach of these provisions." *Id.*

6    at *4. Accordingly, Apostol's Fourth Cause of Action fails.

7        **5.    Plaintiff Has No Plausible Claim Under § 2934(a).**

8        The Fifth Cause of Action asserts that Defendants allegedly violated CAL. CIV. CODE §

9    2934(a) by purportedly not properly substituting in a new trustee under the Deed of Trust.

10   Apostol conclusorily alleges that the Substitution of Trustee was allegedly defective because

11   there was not a recorded document and because "all beneficiaries, known and unknown, did not

12   effectively execute the Substitution of Trustee." FAC ¶ 138.

13       The suggestion that there was no recorded document reflecting a substitution of trustee is

14   untrue—Apostol *attached* the recorded Substitution of Trustee as an exhibit to his FAC. In

15   March 2011, CitiMortgage, the Beneficiary under the DOT, executed and recorded a Substitution

16   of Trustee replacing Town and Country Services, the original Trustee, with CR Title Services.

17   FAC Ex. D. This judicially noticeable document refutes Apostol's conclusory and incorrect

18   assertion that there was no recorded substitution. *Sprewell v. Golden State Warriors*, 266 F.3d

19   979, 988 (9th Cir. 2001); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

20       Apostol's assertion that the Beneficiary under the Deed of Trust allegedly did not

21   execute the Substitution of Trustee is also incorrect. CitiMortgage signed the Substitution of

22   Trustee (naming the new Trustee, CR Title Services) and was the recorded beneficiary under the

23   Deed of Trust. *See* FAC Exs. C-D. Likewise, Apostol's invocation of CAL. CIV. CODE §

24   2924(a)(1) and allegation that "the power of sale in the Apostol deed of trust was invoked by an

25   entity that was not the true beneficiary" (FAC ¶ 137) does not save his claim. Under California

26   law, a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct a non-

27   judicial foreclosure process by recording a notice of default, CAL. CIV. CODE § 2924(a)(1), which

28
NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO

the Trustee, CR Title Services, did. FAC Ex. E. *See also id.* § 2924b(b)(4) (a "person authorized to record the notice of default or the notice of sale" is defined as "an agent for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed substitution of trustee, or an agent of that substituted trustee"); *Gomes v. Countrywide Home Loans*, 192 Cal. App. 4th 1149, 1155, (2011) ("Section 2924, subdivision (a)(1) states that a 'trustee, mortgagee, or beneficiary, or any of their authorized agents' may initiate the foreclosure process.'"). "The Civil Code does not require that the party initiating the foreclosure [has] physical possession (or know who does physically possess) the note." *Singh v. Wells Fargo Bank*, 2013 WL 1787157, *6 (N.D. Cal. Mar. 8, 2013) (citing *Debrunner v. Deutsche National Trust Co.*, 204 Cal. App. 4th 433, 138 (2012)).

In short, because Apostol's allegations are contradicted by the recorded title documents themselves, his § 2934(a) claim should be dismissed. *See Boyter*, 2012 WL 1144281, *5 (allegation that the Substitution of Trustee was not recorded is rebutted by the Recorder's stamp at the top document showing that it was recorded). Moreover, § 2934a(d) explicitly bars the kind of attack Apostol attempts to make here. This statute provides: "Once recorded, the substitution [of trustee] shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section." CAL. CIV. CODE § 2934a(d); *see also Slipak v. Bank of Am.*, 2011 WL 5526445, *9 (E.D. Cal. Nov. 14, 2011). Because the Substitution of Trustee was properly recorded, this is "conclusive evidence" of the Trustee's authority to conduct the foreclosure process, and thus the § 2934(a) claim should be dismissed.

**6.    Plaintiff's TILA Claim Is Time-Barred And Insufficiently Pled.**

Plaintiff's Sixth Cause of Action, alleging violation of the Truth-In-Lending Act ("TILA"), 15 U.S.C. 1601, *et seq.* is barred by the statute of limitations and should be dismissed. TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beech v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Plaintiff's TILA claim is based upon allegations that "[n]o documents are recorded reflecting any defendant as the lawful lender

22

1  in due courts [sic]. The Notices of Default and Foreclosure are each fraudulent and defective. As

2  such, the foreclosure is fraudulent and void." FAC ¶ 141.

3      A TILA claim for damages must be brought "within one year from the date of the

4  occurrence of the violation." 15 U.S.C. 1640(e). The limitations period is triggered by entry into

5  the loan transaction. *Niranjan*, 2013 WL 1701602, at *3 (citing *King v. California*, 784 F.2d 910,

6  915 (9th Cir. 1986)). Here, the loan transaction occurred in October 2006, when Apostol

7  "entered into a residential mortgage loan transaction." FAC ¶ 9. Apostol, however, did not file a

8  TILA claim until April 2013—which is *five and a half years* too late. *See Niranjan*, 2013 WL

9  1701602, at *3 (dismissing TILA claim where plaintiff entered into loan transaction in October

10  2004 but did not file suit until November 2012). The TILA claim is thus time-barred and should

11  be dismissed.

12      Even had the TILA claim been timely, Apostol does not state a viable claim because he

13  has failed to allege the details of the loan, the disclosures accompanying it that he believes were

14  allegedly improperly given, and how the disclosures are purportedly improper. *See Marks v.*

15  *Chicoine*, 2007 WL 160992, *7 (N.D. Cal. Jan. 18, 2007) (TILA claim dismissed where plaintiff

16  failed to plead sufficient facts to "give the defendant fair notice of what the plaintiff's claim is

17  and the grounds upon which it rests"); *Kelly v. Countrywide Home Loans*, 2009 WL 3489422, *8

18  (E.D. Cal. Oct. 26, 2009) (dismissing TILA claim for failure to allege how defendants violated

19  those statutes); *Justice v. Countrywide Home Loans*, 2006 WL 141746, *2 (E.D. Tenn. Jan. 18,

20  2006) (dismissing TILA claim based upon the "mere recitation of statutory language, absent

21  supporting allegations"). Accordingly, the TILA allegations here do not state a claim.

22      **7.**    **The Claim Based On The Unfair Competition Law Should Be Dismissed.**

23      Apostol's claim under California's Unfair Competition Law (CAL. BUS. & PROF. CODE §

24  17200, *et seq.*) ("UCL") is largely derivative of his constructive fraud and foreclosure claims and

25  fails for the reasons set forth above. In addition, to have standing to pursue a UCL claim, a

26  private plaintiff must allege that he "has suffered injury in fact and has lost money or property"

27  as a result of the purported unfair practices. CAL. BUS. & PROF. CODE § 17204. *See R&B Auto*

28

1   *Ctr. v. Farmers Group*, 140 Cal. App. 4th 327, 360 (2006). Apostol's conclusory assertions that

2   California consumers purportedly are assessed "unfair and unwarranted late fees and other

3   improper fees and charges" (FAC ¶ 150), that he allegedly "suffered and is suffering and will

4   continue to suffer injury and financial ruin as a direct and proximate result of Defendants'

5   deceptive acts as alleged above" (*id.* ¶ 153), and that he purportedly "continues to suffer manifest

6   injustice" (*id.* ¶ 157) are insufficient to state a UCL claim. *See Pitre v. Wells Fargo Bank*, 2013

7   WL 2156315, *6 (N.D. Cal. May 17, 2013) (dismissing § 17200 claim alleging "laundry list" of

8   alleged fraudulent conduct); *Capodiece v. Wells Fargo Bank*, 2013 WL 1962310, *6 (N.D. Cal.

9   May 10, 2013) (plaintiffs "allege in a conclusory manner that they 'suffered injury in fact'" but

10  "do not allege *how* they lost any money or property as a result of any Section 17200 violation").

11          Moreover, to the extent that Apostol attempts to claim damages in the form of mortgage

12  payments or late fees, loan payments made pursuant to a contract cannot support a showing of

13  harm. *Auerbach v. Great W. Bank*, 74 Cal. App. 4th 1172, 1185 (1999) (holding that plaintiffs'

14  payments did not constitute damages because the plaintiffs were obligated to make such

15  payments pursuant to a valid promissory note). Nor is standing provided by purported damages

16  arising from the foreclosure of Apostol's Property. In *DeLeon v. Wells Fargo Bank*, 2011 WL

17  311376, at *7 (N.D. Cal. Jan. 28, 2011), the court dismissed a § 17200 claim after an alleged

18  wrongful foreclosure, holding that "the facts alleged suggest that Plaintiffs lost their home

19  because they became unable to keep up with monthly payments and lacked the financial

20  resources to cure the default … it does not appear that [the bank's] conduct resulted in a loss of

21  money or property. For this reason, Plaintiffs lack standing to sue under [Section 17200], and the

22  claim must be dismissed." *Id.* The same is true here. Apostol defaulted on his loan, and therefore

23  he has no standing to assert a UCL claim.

24          A UCL claim also requires allegations of the purported "unlawful, unfair, or fraudulent"

25  conduct, which must be pled with particularity. FED. R. CIV. P. 9; *Phat Ngoc Nguyen v. Wells

26  Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1037-1038 (N.D. Cal. 2010) (holding that plaintiff's

27  § 17200 claim failed to satisfy the pleadings standard where plaintiff did "not distinguish

28

between Defendants with respect to the conduct alleged...[and] alleges that Defendants made improper disclosures, but fails to allege any particular facts to support that claim"); *see also Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (1993) ("A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation."). Here, Apostol's vague and conclusory claims regarding the undefined "Foreclosing Defendants" with respect to "mortgage loan servicing, transfer and assignment of notes and deeds of trust, foreclosure of residential properties and related matters" (FAC ¶¶ 147-149) fail to set forth the required who, what, when and where of the alleged conduct. *See Ngoc Nguyen*, 749 F. Supp. 2d at 1037-1038 (rejecting UCL claim where plaintiffs "do not distinguish between Defendants with respect to the conduct alleged" and allege "that Defendants made improper disclosures, but fail[] to allege any particular facts to support that claim"). "Conclusory allegations are insufficient to establish a violation of the UCL, especially to the extent they sound in fraud." *Soberanis v. Mortgage Electronic Registration Systems*, 2013 WL 4046458, *5-6 (S.D. Cal. Aug. 8, 2013) (citing *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064–1065 (9th Cir. 2008)). The UCL claim should be dismissed.

## V. CONCLUSION

For all of these reasons, Defendants respectfully request that the Court grant their motion to dismiss the FAC in its entirety without leave to amend.

Dated: September 27, 2013                    MAYER BROWN LLP

                                             By:  /s/  Steven E. Rich
                                                  Steven E. Rich

                                             *Attorneys for Defendants CitiMortgage, Inc., Citi Residential Lending, Inc., CR Title Services, Inc., and Mortgage Electronic Registration Systems, Inc.*

NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:13-CV-01983-WHO