# Rich Decl.

# Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56; 04/01 HRG OFF;
JS-6 (LC)

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4395 PSG (SHx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Obed Apostol, Jr. v. Citibank, N.A., et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(In Chambers)**: **Order GRANTING motion to dismiss**

Before the Court is Defendants Citibank, N.A. ("Citibank") and CitiMortgage, Inc.'s ("CitiMortgage" and, collectively with Citibank, "Defendants") motion to dismiss Plaintiff Obed Apostol, Jr.'s ("Plaintiff" or "Apostol") Second Amended Complaint ("SAC"). *See* Dkt. # 56. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the arguments in the moving and opposing papers, the Court GRANTS Defendants' motion to dismiss.

I.    Background

On February 16, 2012, Plaintiff and ten other individuals (collectively, "Original Plaintiffs") filed an action in state court against several institutional defendants alleging claims relating to their mortgage loans. *See* Dkt. # 1, Ex. A. On May 21, 2012, Citibank removed the action to this Court. *See* Dkt. # 1. On July 13, 2012, the Original Plaintiffs filed a First Amended Complaint ("FAC"). *See* Dkt. # 17. On October 1, 2012, the Court dismissed all of the Original Plaintiffs except Apostol because they had been improperly joined. *See* Dkt. # 1. Accordingly, only Plaintiff remained in the action. Further, the Court dismissed all named defendants except Citibank and CitiMortgage because they were the only defendants against whom Plaintiff personally brought a cause of action. *See* Dkt. # 1. On December 19, 2012, Plaintiff filed his SAC on behalf of himself only against Citibank and CitiMortgage. *See* Dkt. # 52.

Plaintiff's SAC alleges three causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, *et seq.*; (2) intentional infliction of emotional distress ("IIED"); and (3) negligence. The causes of action all relate to Defendants' handling of Plaintiff's loan. Specifically, Plaintiff alleges that Defendant engaged in wrongful conduct in connection with Plaintiff's application for a loan modification pursuant to the Home Affordable Modification Program ("HAMP"). *FAC* ¶¶ 6-24. On January 31, 2013, Defendants filed a

4

**#56; 04/01 HRG OFF;
JS-6 (LC)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4395 PSG (SHx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Obed Apostol, Jr. v. Citibank, N.A., et al.* | | |

motion to dismiss Plaintiff's SAC in its entirety. *See* Dkt. # 56. For the reasons discussed below, the Court DISMISSES WITH PREJUDICE all claims in Plaintiff's SAC.

## II.    Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 678. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.* at 678-79.

## III.    Discussion

Plaintiff brings three causes of action in his SAC: (1) violation of REPSA; (2) IIED; and (3) negligence. *SAC* ¶¶ 83-121. Defendants move to dismiss all causes of action. *Mot.* 1:6-2:18. For the reasons discussed below, the Court DISMISSES Plaintiff's SAC in its entirety.

### A.    RESPA–First Cause of Action

RESPA places a duty on loan servicers to respond to borrower inquiries relating to information about the borrower's loan. 12 U.S.C. § 2605(e). This duty is triggered when the servicer receives a qualified written request ("QWR") from a borrower. 12 U.S.C. §

5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56; 04/01 HRG OFF;**
**JS-6 (LC)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4395 PSG (SHx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Obed Apostol, Jr. v. Citibank, N.A., et al.* | | |

2605(e)(1)(A).  Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of [a] loan."  12 U.S.C. § 2605(e)(1)(A).  To trigger the duty to respond, the written correspondence must "(I) include[], or otherwise enable[] the servicer to identify, the name and account of the borrower; and (ii) include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U.S.C. § 2605(e)(1)(B); *see also Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 667-68 (9th Cir. 2012).  The statute defines "loan servicer" as a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan."  12 U.S.C. § 2605(i)(3).  After receiving a QWR, a servicer must acknowledge its receipt within twenty days and respond to the inquiry within sixty days.  12 U.S.C. § 2605(e)(1), (2).  In order to state a claim under RESPA, a plaintiff must: (1) allege a breach of the RESPA duties; and (2) allege that the breach resulted in actual damages.  *See Medrano*, 704 F.3d at 665.

Defendants contend that Plaintiff's RESPA claim fails because Plaintiff has failed to allege that he submitted a QWR.  *Mot.* 1:23-2:2, 7:23-9:20.  Plaintiff does not address Defendants' RESPA arguments in his opposition to Defendants' motion, thus appearing to concede that he has not stated a claim for violation of RESPA.  After reviewing the Complaint, the Court concurs with Defendants that Plaintiff has failed to state a claim under RESPA because he has failed to allege that he submitted a QWR to Defendants.  Plaintiff's SAC contains no reference to a written request submitted to Defendants, let alone a written request that conformed with the requirements of the statute.  *See SAC.*  Plaintiff also has not attached to his SAC a copy of any communication alleged to be a QWR.  While Plaintiff alleges that he made unsuccessful attempts to communicate with Defendants, he alleges only that he made calls to Defendants.  *Id.* ¶ 48.  In order to state a claim under RESPA, Plaintiff must allege that he submitted a QWR within the meaning of the statute; other communications will not suffice.  *See* 12 U.S.C. § 2605(e)(1)(B); *Medrano*, 704 F.3d at 667-68.  Because he has failed to do so, his claim is DISMISSED.  *See id.*

### B.    Intentional Infliction of Emotional Distress–Second Cause of Action

A cause of action for IIED requires a showing of: (1) outrageous conduct, "so extreme as to exceed all bounds of that usually tolerated in a civilized community;" (2) intent to cause or a reckless disregard of the possibility of causing emotional distress; (3) severe emotional distress; and (4) actual and proximate cause of the emotional distress by the outrageous conduct.  *Nally v. Grace Cmty. Church*, 47 Cal. 3d 278, 300, 253 Cal. Rptr. 97 (1988).  Defendants contend that Plaintiff's IIED claim fails because Plaintiff has failed to allege any of the elements of a cause of

6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56; 04/01 HRG OFF;**
**JS-6 (LC)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4395 PSG (SHx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Obed Apostol, Jr. v. Citibank, N.A., et al.* | | |

action for IIED. *Mot.* 17:11-12. In opposition to Defendants' motion, Plaintiff does not make any arguments in support of his IIED claim.

Upon review of the allegations in the SAC, the Court concurs with Defendants that Plaintiff has failed to state a claim for IIED. Plaintiff's IIED claim is based on allegations that Defendants failed to consider him for a loan modification until after he had defaulted on his loan and then failed to offer him a loan modification after he had defaulted. *SAC ¶¶* 88-95. Plaintiff cites to no authority that would support a finding of IIED on these facts—in fact, Plaintiff cites no authority in support of his IIED claim at all. Moreover, district courts in the Ninth Circuit that have addressed similar IIED claims have consistently concluded that failure to offer a loan modification is not outrageous conduct that would support a claim for IIED. *See, e.g., Justo v. Indymac Bancorp*, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *10 (C.D. Cal. Feb. 19, 2010) (dismissing with prejudice a claim for IIED based on alleged misrepresentations and omissions with respect to loan modification because "alleged misrepresentations and failure to provide information simply do not rise to the level of 'extreme and outrageous conduct'"); *see also Javaheri v. JPMorgan Chase Bank, N.A.*, No. 10-cv-8185-ODW (FFMx), 2011 WL 2173786, at *3 (C.D. Cal. June 2, 2011) (dismissing IIED claim based on allegations that the defendant ignored the plaintiff's letters requesting alternate options to foreclosure and fraudulently transferred the deed of trust). Because Plaintiff has failed to allege outrageous conduct, his claim for IIED fails and Plaintiff's second cause of action for IIED is DISMISSED.

C.     Negligence–Third Cause of Action

Plaintiff's third cause of action is for common law negligence. *SAC ¶¶* 96-121. In order to state a claim for common law negligence, a plaintiff must allege the following elements: (1) that the defendant owed a legal duty to the plaintiff, (2) breach of that duty, (3) causation; and (4) resulting injury. *Merrill v. Navegar, Inc.,* 26 Cal. 4th 465, 500, 110 Cal. Rptr. 2d 370 (2001). In the present case, the key preliminary issue is whether Plaintiff has alleged the first element of his negligence claim: duty. As a general rule, under California law, "a financial institution owes no duty of care to a borrower." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (1991). A financial institution owes a duty of care to a borrower only when the institution's involvement in the loan transaction "exceed[s] the scope of its conventional role as a mere lender of money." *Id.*

Though there appears to be some split among district courts within the Ninth Circuit regarding whether an institution exceeds its conventional role as a lender by offering a loan modification, the weight of authority compels the Court to conclude that it does not. *See Alvarado v. Aurora Loan Servs., LLC*, No. 12-0524-DOC (JPRx), 2012 WL 4475330, at *6

7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#56; 04/01 HRG OFF;
JS-6 (LC)

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4395 PSG (SHx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Obed Apostol, Jr. v. Citibank, N.A., et al.* | | |

(C.D. Cal. Sept. 20, 2010) (concluding that the offer of loan modification did not trigger a duty of care that would support a negligence claim); *Settle v. World Sav. Bank, F.S.B.*, No. 11-800-MMM (DTBx), 2012 WL 1026103, at *9 (C.D. Cal. Jan. 11, 2012) (noting that the "overwhelming weight of authority" supported a finding that loan modification was a traditional lending activity that did not trigger a duty of care, despite some cases finding otherwise). *But see Ansanelli v. JPMorgan Chase Bank, N.A.*, No. 10-03892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. March 28, 2011) (finding that the defendant had gone beyond its role as a "silent" lender when it offered plaintiffs a trial modification plan, then reneged on a promise to modify the plaintiffs' loan and reported the loan as past due); *Garcia v. Ocwen Loan Servicing, LLC*, No. C 10-0290 PVT, 2010 WL 1881098, at *2-4 (N.D. Cal. May 10, 2010). The Court concurs with the majority of courts in this jurisdiction, which have concluded that the act of offering a loan modification is sufficiently intertwined with money lending to be considered within the scope of conventional lending activities. *See Alvarado*, 2012 WL 4475330, at *6; *Settle*, 2012 WL 1026103, at *9.

In sum, the Court concludes that Defendants' conduct of offering Plaintiff a loan modification did not trigger a duty of care. Because Plaintiff has not alleged a duty of care, his negligence claim is insufficient. Accordingly, Plaintiff's third cause of action for negligence is DISMISSED. *See Merrill*, 26 Cal. 4th at 500; *Nymark*, 231 Cal. App. 3d at 1096.

### D. Leave to Amend

Generally, if a pleading fails to state a claim, the Court will grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). The Court considers the following factors in determining whether leave to amend is warranted in a particular case: (1) a party's bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility; and (5) whether the plaintiff has previously amended his complaint. *See Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Plaintiff's SAC is Plaintiff's third attempt to plead viable causes of action. Plaintiff originally filed the action in state court on February 16, 2012. *See* Dkt. # 1, Ex. A. Accordingly, more than a year has passed since the Complaint was originally filed. Plaintiff did not serve a copy of the Complaint and Summons on Defendants until April 20, 2012. *See N.O.R.* ¶ 12. The action was then removed on May 21, 2012. *See* Dkt. # 1. In three pleadings, Plaintiff has attempted to assert eight causes of action: (1) privity of contract; (2) rescission; (3) negligence in origination; (4) negligence in servicing; (5) invalid assignment; (6) mistake; (7) violation of RESPA; and (8) IIED. *See Compl.*; *FAC*; *SAC*. Three of those causes of action appear in the

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#56; 04/01 HRG OFF;**
**JS-6 (LC)**

## CIVIL MINUTES - GENERAL

| Case No. | CV 12 - 4395 PSG (SHx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Obed Apostol, Jr. v. Citibank, N.A., et al.* | | |

SAC: violation of RESPA, IIED, and negligence in servicing. *See SAC*. The claims for violation of RESPA and IIED appear for the first time in Plaintiff's SAC. Accordingly, Plaintiff has made several attempts through various causes of action to state a claim against Defendants.

Based on the factors discussed above, the Court finds that leave to amend is not warranted in this case. This action has already been pending for over a year and permitting Plaintiff to further amend his pleading would cause additional delay. Further, plaintiff has now amended his pleading three times. Thus, the second and fifth factors—undue delay and whether Plaintiff has previously amended his pleadings—favor dismissal with prejudice as to all claims. In regard to the negligence claim in particular, Plaintiff has three times attempted to plead a negligence cause of action, thus further favoring dismissal with prejudice on this claim. Moreover, because the claim for negligence is based Defendants' conduct relating to Plaintiff's application for a loan modification and such activities do not trigger a duty of care, it appears that any further amendment would be futile. In regard to the claims for RESPA and IIED, Plaintiff did not even attempt to defend the causes of action in his Opposition. Plaintiff's failure to make any argument in support of these causes of action suggests to the Court that Plaintiff is unable to support either of these causes of action, making amendment as to them futile. Further, Plaintiff's failure to defend the causes of action raises concerns with the Court regarding whether Plaintiff is proceeding on those actions in bad faith. In sum, because this is Plaintiff's third attempt to plead viable causes of action and Plaintiff's Opposition fails to provide any arguments in support of two of his remaining claims, the Court finds it appropriate to dismiss Plaintiff's action WITH PREJUDICE. *See Sisseton-Wahpeton*, 90 F.3d at 355.

IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss and DISMISSES WITH PREJUDICE all of Plaintiff's claims.

**IT IS SO ORDERED.**

9