Mark Lapham, Esq. (SBN 146352)
**LAW OFFICES OF MARK LAPHAM**
751 Diablo Rd.
Danville, CA 94526

Tel: (925) 837-9007
Fax: (925) 406-1616

Attorney for Plaintiffs
OBED M. APOSTOL, JR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBED M. APOSTOL, JR., an individual. <br><br> Plaintiff, <br><br> v. <br><br> CITIMORTGAGE, INC., a New York Corporation; CITI RESIDENTIAL LENDING, INC., a national banking association; CR TITLE SERVICES, INC., a Delaware Corporation; CRYSTAL MOORE, an individual; BRYAN BLY, an individual; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: 3:13-cv-01983-WHO <br><br> **OPPOSITION TO DEFENDANTS CITIMORTGAGE, INC.; CITI RESIDENTIAL LENDING, INC.; CR TITLE SERVICES, INC MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC'S. MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> **DATE:** November 20, 2013 <br> **TIME:** 2:00 p.m. <br> **CTRM**: 2, 17th Floor <br> Judge: Hon. William H. Orrick <br><br> **DEMAND FOR JURY TRIAL** <br><br> Complaint filed April 30, 2013 |

**COMES NOW**, Plaintiff, OBED M. APOSTOL, JR., (hereinafter "Plaintiff"), and opposes Defendants' and each of their respective Motions to Dismiss of Defendants CITIMORTGAGE, INC.; CITI RESIDENTIAL LENDING, INC.; CR TITLE SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**STATEMENT OF FACTS**

1. On or about August 19, 2013, Plaintiff filed a First Amended Complaint ("FAC") containing factual allegations against Defendants sufficient to support denying Defendants' Motion

to Dismiss in its entirety. Plaintiff considered each and every allegation in Defendants' motion to dismiss and finds Defendant's motions to be fatally flawed and defective as follows.

2. Plaintiff is the sole lawful owner of the real property, their homestead and primary residence commonly known commonly known as 1330 Cedar Street, Gilroy, CA 95020, hereinafter the "Subject Property". This situation arises from the verified fact that Plaintiff's mortgage loan was irrevocably sold by the original lender, ARGENT MORTGAGE COMPANY, LLC (hereinafter "ARGENT MORTGAGE"), in a securitization transaction on or before March 1, 2007 and ARGENT MORTGAGE was paid for the full balance of the Plaintiff's loan. The subject mortgage loan (consisting of the deed of trust and mortgage note) was bundled with other mortgages in a pool by the intermediary loan purchaser, CITIGROUP GLOBAL MARKETS REALTY CORP. (hereinafter "CGMRS"), the "Sponsor" and "Seller" in the securitization transaction. CGMRS is a nonbank subsidiary of CITIGROUP, INC. (hereinafter "CITIGROUP"). This was the first unlawful sale of the Plaintiff's mortgage loan.

**RES JUDICATA DOES NOT APPLY**

1. Under both California and federal law, res judicata bars a subsequent suit if the same cause of action has been previously adjudicated in a suit between the same parties. (*Montana v. United States* (1979) 440 U.S. 147, 153 [59 L.Ed.2d 210, 216-217, 99 S.Ct. 970].) [4] It is also settled, and appellant does not dispute the fact, that a court-approved settlement pursuant to a final consent decree in a class action will operate to bar subsequent suits by class members. (*Dosier v. Miami Valley Broadcasting Corp.* (9th Cir. 1981) 656 F.2d 1295, 1298; *Laskey v. International Union (UAW)* (6th Cir. 1981) 638 F.2d 954, 956-957; *Penson v. Terminal Transport Co.* (5th Cir. 1981) 634 F.2d 989, 992.) The final order approving the settlement in the MacLennan class action was equivalent to a final judgment for res judicata purposes. "A judgment entered ... by consent or stipulation, is as conclusive a ... bar as a judgment rendered after trial." (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 170, p. 3312*; De Weese v. Unick, supra*, 102 Cal. App. 3d at p. 105.)

2. Plaintiff's prior case alleged three causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605, *et seq.*; (2) intentional infliction of

emotional distress ("IIED"); and (3) negligence. None of these causes of action are alleged here. For these reasons, Defendant's Motion to Dismiss should be denied.

**TRANSFER OF REAL ESTATE CANNOT BE BASED UPON FRAUD**

1. Publically recorded documents cannot be based upon fraud, bearing fraudulent signatures, backdating, etc. Recording documents known to be fraudulent is a violation of California Penal codes. All named defendants are known in this mortgage crisis to routinely file and record robosigned and defective documents. Documents recorded based upon fraud are void not voidable. Defendants offer no evidence that documents they caused to be recorded are valid nor do Defendants oppose the validity of those documents. See **Exhibit B** attached hereto. Plaintiffs must go through discovery to verify the validity of the signature on the Corporate Assignment. In California, all notarizations involving real estate must include a fingerprint. Plaintiffs will need verification of the "signatures" on those documents, among other things.

2. Defendants' motion to dismiss fails to show where Defendants are entitled to any relief which they request. Defendants claim Plaintiff is in "default" but fails to show evidence of providing monthly invoices and more importantly a reasonable explanation for allowing a default to extend past 90 (days). Defendants' motion has no merit and should be denied.

Code of Civil Procedure §473 states in pertinent part:

> (a) (1) The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding...or a mistake in any other respect...The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars...

The cases interpreting this statute indicated that there is a policy favoring amendments to the complaint and that leave to amend complaint should be granted "liberally" (*Nestle v. Santa Monica* (1972) 6 C3d 920; *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581. The appellate courts have indicated that denial of a motion to amend is rarely justified and is likely an abuse of discretion. (*Morgan v. Superior Court* (1959) 172 Cal.App.2d 527) Indeed, the complaint or other pleadings may even be amended on the eve of or during trial (CCP §576).

**PLAINTIFF CAN CHALLENGE THE SECURIRIZATION PROCESSS**

1. Securitization did in fact affect enforcement of the DOT and Plaintiff may challenge the securitization process. The foreclosure documents and the fact that transfers from the original Lender onward were not duly perfected, causing a cloud on Plaintiff's title. These non-perfected and invalid title transfers directly affect who the rightful creditor/beneficiary is, and their power to collect payments and foreclose on Plaintiff. For these reasons, Defendants' motion to dismiss is fatally flawed and should fail as a matter of law.

2. The issue as to whether a plaintiff can raise issues surrounding the securitization of his mortgage loan was finally put to rest in the Fifth Appellate District's recent decision in *Glaski v. Bank of America, National Association,* Case. No. F064556 (July 31, 2013).[1] There, the Court of Appeal for the Fifth Appellate District stated the following:

> We are aware that some federal district courts sitting in California have rejected the post-closing date theory of invalidity on the grounds that the borrower does not have standing to challenge an assignment between two parties. *Id.* at 22 (citations omitted).

The court concluded that cases so holding were not persuasive because they do not address the principle that a borrower may challenge an assignment that is void and they do not apply New York law to the operation of the securitized trusts in question. *Id*. at 23. In the case at bar, Plaintiffs allege with specificity that the 2009 assignment is fraudulent and void. Therefore, the California Appellate Court's decision in *Glaski* is controlling.[2]

3. Plaintiff disputes Defendants' allegation that any Defendant acquired an interest in the

---

[1] On August 8, 2013, the court entered an order directing publication of its opinion pursuant to California Rules of Court, rule 8.1105(c).

[2] Currently, it is unknown whether the Trust was organized under the laws of New York. New York Estates, Powers & Trusts law section 7-2.4 provides: "If the trust is expressed in an instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust… is void." The statutory purpose is "to protect trust beneficiaries from unauthorized actions by the trustee. *See Glaski, supra*, at 20.n. 15. All MBS trust documents contain the same provisions designed to protect the trust investors' favorable pass-through tax status. *See Deconstructing Securitized Trusts*, 41 Stetson L. Rev. at pp. 757-758, cited in *Glaski, supra*, at 16 n.12. It follows then that the sale of a mortgage loan which violates provisions of a document governing a securities trust organized under the laws of any state render the sale void. In any event, plaintiff in this case has alleged that the assignment and foreclosure documents are violative of numerous laws which render them null and void. Therefore, the *Glaski* decision is on point.

Loan through valid assignments. Defendants' have alleged nothing more than mere conclusory statements, in their Motion to Dismiss – but offer no Assignment from Argent to Citimortgage or any other Defendant. Though the court may take Judicial Notice of the Documents, the court cannot take Judicial Notice of the VALIDITY of the contents of the documents, as the contents of the documents. *Herrera v. Deutsch Bank Nat. Trust Co.,* 196 Cal.App.4th 1366 (2011). Short of providing mere inadmissible hearsay, Defendants have not offered anything else to support their position that the assignments were valid and not void, as Plaintiff properly alleges herein.

4. Plaintiff suffered prejudice resulting from Defendants' procedural defects. California law is not unanimous in the issue of prejudice resulting from a procedural defect. The cases finding that plaintiffs stated a cause of action for wrongful foreclosure prior to sale on the basis that the incorrect entity initiated foreclosure rarely discuss prejudice. In *Tamburri*, one such case, the court held that, to the extent prejudice is required, "the threat of foreclosure by the wrong party would certainly be sufficient to constitute prejudice to the homeowner because there is no power of sale without a valid notice of default." *Tamburri*, 2011 WL 6294472 at *14; see also *Albano v. Cal-Western Reconveyance Corp*., 2013 WL 7722665, at *4 (N.D. Cal. Feb. 28, 2013) (distinguishing *Tamburri* from the situation where the foreclosure sale has already taken place).

**5.** Defendants concede that MERS was listed as nominee beneficiary for the original lender, Argent. But this is not appearent on the original Deed of Trust attached hereto as Exhibit A. MERS is NOT listed as a nominee beneficiary on the DOT. As a consequence thereof, the DOT became a nullity the moment that the original lender, Argent, sold Plaintiffs' Note without also assigning the DOT to the new "Note Owner". Argent remains the beneficiary to Plaintiffs' note and deed of trust. Plaintiffs are informed and believe and thereon allege that this process was concocted by the banks as a way in which to avoid paying county recorders transfer fees associated with transferring assignments of deeds of trust, which assignments are required by state law.

**LEGAL STANDARD**

1. Rule 12(b)(6) motions are viewed with disfavor, and accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp*. (9th Cir. 1997) 108 F.3d 246, 249 (citation omitted). The standard for dismissal under Rule 12(b)(6) is a stringent one. "[A] complaint

1  should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff
2  can prove no set of facts in support of her claim which would entitle her to relief." See *Hartford Fire*
3  *Ins. Co. v. California* (1993) 509 U.S. 764, 811 (quoting *Conley v. Gibson* (1957) 355 U.S. 41, 45-
4  46; *Cervantes v. City of San Diego* (9th Cir. 1993) 5 F.3d 1273, 1274 (emphasis added). The
5  purpose of a Federal Rule 12(b)(6) motion is to test the formal sufficiency of the statement of the
6  claim for relief in the complaint. See *Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829
7  F.2d 729, 738.

**DEFENDANT'S MOTION TO DISMISS IS FATALLY FLAWED**

9      1. Defendants' motion to dismiss ignores well settled standards on a Rule 12(b)(6) motion to
10  dismiss: all allegations of fact in the complaint must be accepted as true, and the court must draw all
11  reasonable inferences from those allegations in favor of the plaintiff. *Campanelli v. Bockrath*, 100 F. 3d
12  1476, 1479 (9th Cir. 1996). Federal Rule 8(a)(2) requires only "a short and plain statement of the claim
13  showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is
14  and the grounds upon which it rests." *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 555 (2007), quoting
15  *Conley v. Gibson,* 355 U.S. 41, 47 (1957). This standard contains a "powerful presumption against
16  rejecting pleadings for failure to state a claim," and prevents courts from granting motions to dismiss
17  absent exceptional circumstances. *Gilligan v. Jamco Dev. Corp.,* 108 F. 3d 246, 249 (9th Cir. 1997). the
18  Ninth Circuit has "rejected the concept of a 'heightened pleading standard" (*Gilligan,* 108 F. 3d at 249),
19  concluding that instead "federal courts and litigants must rely on summary judgment and control of
20  discovery to weed out unmeritorious claims sooner rather than later." *Id.*, quoting *Leatherman v. Tarrant*
21  *County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-169 (1993).

22      2. The Court may properly take notice of facts not reasonably subject to dispute, but
23  evidence must be authenticated before it can be admitted, and is only allowed from sources not
24  reasonably subject to dispute. *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007)(citing Fed.
25  R. Evid. 201(b)). "While the [Federal Rules of Evidence] allow a court to take judicial notice at any
26  stage of the proceeding, Fed. R. Evid. 201(f), . . . it should be done sparingly at the pleadings stage.
27  Only in the clearest of cases should a district court reach outside the pleadings for facts necessary to
28  resolve a case at that point." Id. "For all practical purposes, judicially noticing a fact is tantamount to

directing a verdict against a party as to the noticed fact." *LaSalle Nat. Bank v. First Connecticut Holding Group, LLC,* 287 F.3d 279, 290 (3d. Cir. 2002)(citing *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001). Plaintiffs allege that Defendants Exhibits support Plaintiffs' claims properly alleged herein.

**ARGUMENT**

    **A.   PLAINTIFFS' FAC IS PLED WITH SPECIFICITY**

    1.   The sole question before the Court is whether Plaintiff's Complaint alleges facts that support a plausible claim for relief. *Twombly*, supra, 550 U.S. at 555-56; *Ashcroft v. Iqbal* (2009) 129 S. Ct. 1937, 1949 ("Iqbal"). To survive a motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6), a complaint need not provide detailed factual allegations. *Twombly*, supra, 550 U.S. at 555-56; see Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim.") To dismiss with prejudice is only proper in "extraordinary cases." *Broam v. Bogan* (9th Cir. 2003) 320 F.3d 1023, 1028.

    2.   Plaintiffs' claims are alleged with specificity identifying dates supported by documentary evidence that at the very least raise questions of fact that must be given an opportunity to be evaluated through the discovery process and ultimately decided upon by a jury. At the very least Plaintiff must be given an opportunity to amend in order to cure any such instance that this Court raises as a defect.

    **B.   PLAINTIFFS ARE NOT REQUIRED TO TENDER BECAUSE TENDER IS NOT REQUIRED WHEN IT IS INEQUITABLE TO DO SO**

    1.   Although generally tender is required by the trustor, tender is not required when it is inequitable to require one. Tender is not required when the action attacks the validity of the underlying debt because tender would constitute affirmation of the debt. *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424.

    2.   Under California law, the tender rule does not apply when it would be inequitable, such as when the instrument is void. *Fleming v. Kagan* (1961) 189 Cal. App. 2d 791, 797. If the plaintiffs' action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt. *Onofrio v. Rice* (1997) 55 Cal.App.4th 413, 424. Here,

1  Plaintiff not only attacks the validity of the underlying debt, Plaintiff alleges that the mortgage was
2  based upon fraud upon its inception. Furthermore, Plaintiffs were not given regularly monthly
3  invoices covering the alleged default period. Nor was Plaintiff given the opportunity to "cure" any
4  alleged default. (FAC ¶¶ 27, 28.)

5       3. Here, Plaintiffs tenth cause of action alleges this loan was procured by fraud. Such a cause
6  of action is sufficient to attack the validity of the underlying debt. Additionally, Plaintiffs' claims also
7  attack the validity of the underlying debt. As such, alleging tender would constitute an affirmation of the
8  debt, and invalidate Plaintiff's allegations in his complaint. (FAC ¶¶ 12, 14.) Therefore, Plaintiff should
9  not be required to allege tender of the outstanding balance due on the Loan.

10       4. Under California law, the tender rule does not apply when it would be inequitable, such as
11  when the instrument is void. *Fleming v. Kagan* (1961) 189 Cal. App. 2d 791, 797. If the Plaintiffs'
12  action attacks the validity of the underlying debt, a tender is not required since it would constitute an
13  affirmation of the debt. (FAC ¶¶ 12, 14.) *Onofrio v. Rice* (1997) 55 Cal.App.4th 413, 424. Here,
14  Plaintiff not only attacks the validity of the underlying debt, Plaintiff alleges that the mortgage was based
15  upon fraud at its inception. Furthermore, Plaintiffs were not given regularly monthly invoices nor was
16  the default claimed within a time frame that would allow for Plaintiff to "cure" any alleged default. In
17  other words, Defendants offer NOTHING except their word to validate an obligation to Plaintiff.

18       5. Evidence will show that Plaintiff's allegations are based upon the fact that Defendant First
19  Magnus misrepresented the terms of the original debt to fund obligations in the securitization process.
20  Defendants "bet" and took out "default swap insurance" to profit in the event that Plaintiff would
21  "default" on her mortgage. Defendants then and took steps to ensure "default." Plaintiff properly
22  alleges that those steps include the falsification of documents and recording same to support the alleged
23  "default." Upon the alleged "default" Defendants collect default swap insurance, upon unlawful
24  foreclosure and eviction Defendants received TARP funds. Plaintiff alleges even if Plaintiff were in
25  default, Plaintiff is not in default to these Defendants. Plaintiff further alleges these Defendants have
26  been paid through the securitization process and their failure to follow California law in this process
27  does not entitled them to possession of Plaintiff's homestead.
28

6. Plaintiff's cause of action to Quiet Title does not require tender because courts have refused to apply the tender requirement where plaintiff alleges that the defendant lacks authority to foreclose on the property and, thus, that any foreclosure sale would be void rather than merely voidable. See *Lester*, 2013 WL 633333 at 10 (dismissing quiet title cause of action with leave to amend, as opposed to with prejudice, after concluding that the tender rule did not apply to a quiet title action where the underlying foreclosure was allegedly void, not voidable). Here, Plaintiffs allege that the Defendants have no standing to foreclosure. As such, any such foreclosure would be void, not voidable.

7. Under federal law an intended beneficiary may enforce a contract as a third party beneficiary. Id. at 1244. The third party must show that the contract reflects the express or implied intentions of the parties to the contract to benefit the third party. Id. Pursuant to ¶2 (A-B) of the SPA Agreement:

> Servicer shall perform the Services for all mortgage loans it services, whether it services such mortgage loans for its own account or for the account of another party, including any holders of mortgage-backed securities . . . Servicer shall use reasonable efforts to remove all prohibitions or impediments to its authority, and use reasonable efforts to obtain all third party consents, waivers and delegations that are required, by contract or law, in order to perform the Services.

"Upon a fair reading of the Agreement in its entirety and in the context of its enabling legislation, it is difficult to discern any substantial purpose other than to provide loan modification services to eligible borrowers." *Marques v. Wells Fargo Home Mortgage, Inc.*, (S.D.Cal. Aug. 12, 2010, No. 09-cn-1985-L(RBB)) 2010 WL 3212131 at 6. Further, "[t]he Agreement on its face expresses a clear intent to directly benefit the eligible borrowers." Id. The court in Marques determined that the plaintiff could state a claim against the defendant borrower as an intended beneficiary under the Service Participation Agreement. Id. at 7. Thus, in accordance with *Marques*, Plaintiff should be considered a third party beneficiary of the SPA agreement. Therefore, Plaintiff should be permitted to maintain an action against Defendants.

**ALL CAUSES OF ACTIONS ARE PROPERLY PLEAD AND TIMELY**

1. Plaintiffs' claims are timely because of action does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Code Civ. Proc. § 338(d); *Broberg v. Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 920. When "discovery"

1  occurs is generally a question of fact. Cal. Prac. Guide Civ. Pro. Before Tr. Stat. of Limitations Ch.
2  4-E. The action therefore accrues when a Plaintiff has notice or information of circumstances
3  sufficient to put a reasonable person on inquiry: i.e., when "plaintiff suspects or should suspect that
4  her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co*. (1988) 44 Cal.3d 1103, 1110.
5  Plaintiff did not discover the fraudulent facts, used by Defendants until Plaintiff reviewed the void
6  documents presented by Defendants after the defective Notice of Default, and reviewing **Exhibit B.**
7  No Defendant was involved at the time Plaintiff made a mortgage contract with Argent. Defendants
8  did not become involved in this matter until 2011, as such Defendant's statute of limitations
9  argument fail as a matter of law. Defendants motion to dismiss should be denied.

## CONCLUSION

Plaintiff seeks nothing more than justice in these matters. Defendants offer no evidence that they filed and recorded any documents in good faith. Defendants do not deny that any fraud exists as properly alleged by Plaintiff. Defendants offer no clear irrefutable evidence that this transaction is not based upon fraud. For these reasons Defendant's motion to dismiss should fail as a matter of law. Defendants paper this court with over 500 pages of exhibits, blank and unsigned securitization documents, not a single certified copy of a document to support their position. For these reasons, Defendants Motion to Dismiss should be denied as a matter of law and in the interest of the furtherance of justice.

Should this Honorable Court decide to rule in favor of Defendants, Plaintiff respectfully requests this court allow the Plaintiff to Amended his Complaint to ensure Plaintiff due process of law in these matters.

DATED: October 21, 2013              Respectfully Submitted,

                                     //s/MarkW. Lapham_____
                                     Mark W. Lapham
                                     Attorney for Plaintiff OBED APOSTOL